**Minnie ROGERS, Appellant,**

v.

**Daniel KAREM, dba Daniel Karem Market, Appellee.**

**Daniel KAREM, Cross-Appellant,**

v.

**COCA COLA BOTTLING COMPANY, Cross-Appellee.**

Court of Appeals of Kentucky.

May 20, 1966.

Rehearings Denied Sept. 23, 1966.

Edward T. Ewen, Jr., A. Walter Redmon, Louisville, for appellant.

James H. Frazee, Frazee & Frick, Louisville, for appellee Daniel Karem.

Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, John P. Ryan, Louisville, for Coca Cola Bottling Co.

WILLIAMS, Judge.

The appellant, Minnie Rogers, filed suit against the appellee, Daniel Karem, dba Daniel Karem Market, to recover for injuries caused by the alleged negligence of Karem in providing defective merchandise on the premises. Karem in turn filed a third-party complaint against the cross-appellee, Coca Cola Bottling Company, in which he asked for judgment against Coca Cola for all sums adjudged against him in favor of the appellant. At the close of appellant's evidence the court directed a verdict in favor of Karem. Judgment was entered in favor of Karem and also in favor of Coca Cola on the third-party complaint. There is before us an appeal from that judgment by Minnie Rogers, and a cross-appeal by Karem.

The appellant went into Karem's self-service grocery store and picked up a six-pack carton of Coca Cola. The bottom of the carton gave way, bottles of Coca Cola fell to the floor, and several broke, causing appellant to suffer a laceration on her leg.

In Dealers Transport Company, Inc. v. General Dynamics Corporation et al., Ky., 402 S.W.2d 441 (petition for rehearing overruled and modified opinion delivered May 13, 1966), this Court recognized the principle of "strict liability" in products liability cases. See Allen v. Coca-Cola Bottling Company, Ky., 403 S.W.2d 20, decided May 20, 1966. Therein we held that the plaintiff was entitled to litigate her case on the "strict liability" theory, notwithstanding the fact that she had based her claim on breach of implied warranty.

The same rationale shall apply in this case. The appellant is entitled to have her case go to the jury on the "strict liability" theory, and on the same theory Karem is entitled to have his third-party complaint against Coca Cola litigated.

The judgment is reversed on the appeal and on the cross-appeal, with directions for further proceedings in conformity with this opinion.