Mrs. Frank ALLEN, Appellant,

v.

COCA–COLA BOTTLING COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

May 20, 1966.

Charles McConnell, Louisville, for appellant.

Joseph E. Stopher, A. J. Deindoerfer, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee.

CULLEN, Commissioner.

In Mrs. Frank Allen's action against the Coca Cola Bottling Company of Louisville, seeking damages for personal injuries alleged to have been sustained as a result of her swallowing a piece of glass contained in a bottled "coke" which Mrs. Allen purchased from a vending machine at a laundromat, the court directed a verdict for the defendant at the conclusion of the plaintiff's evidence. Mrs. Allen has appealed from the judgment entered on that verdict, dismissing her complaint.

Mrs. Allen's claim was based specifically on breach of implied warranty. The court directed the verdict against her on the sole ground that she could not assert a claim for breach of warranty against the bottling company because there was no privity of contract between her and the company (the laundromat operator being the retailer).

In Dealers Transport Company, Inc. v. General Dynamics Corporation et al., Ky., 402 S.W.2d 441 (petition for rehearing overruled and modified opinion delivered May 13, 1966), this court recognized the principle of "strict liability" in products liability cases. Privity is not required to hold the manufacturer liable to the consumer. It is sufficient that there be proof that the product was manufactured in a defective condition unreasonably dangerous to the user and that it reached the user without substantial change in that condition.

We think Mrs. Allen is entitled to litigate her case on the "strict liability" theory. The ground on which the trial court directed a verdict against her—absence of privity—is not a valid ground on which to reject her claim.

The judgment is reversed with directions for further proceedings in conformity with this opinion.