**Lilly Mae DAVIDSON and Vincent Davidson, Plaintiffs,**

v.

**Joseph Earl LEADINGHAM, General Motors Corporation and General Motors Truck and Coach Division, and Joe Michels Service, Inc., Defendants.**

**No. 1365.**

United States District Court
E. D. Kentucky,
Covington Division.

Dec. 23, 1968.

Frank M. Zier, Cincinnati, Ohio, for plaintiffs.

Gordon C. Greene, Cincinnati, Ohio, for Joseph Earl Leadingham.

Ware, Bryson, Nolan & West, by James A. Nolan, Covington, Ky., for General Motors.

Harry K. Aurandt, Covington, Ky., for Joe Michels Service, Inc.

## MEMORANDUM

SWINFORD, Chief Judge.

This is a diversity action arising out of an automobile accident. The plaintiffs allege that the vehicle in which they were riding collided with a truck which was owned and operated by the defendant, Joseph Earl Leadingham; that the said truck was sold to the defendant, Leadingham, by the defendant, Joe Michels Service, Inc.; and that the defendants, General Motors Corporation and General Motors Truck and Coach Division manufactured the said truck and sold it to Joe Michels Service, Inc., for resale to the general public. Plaintiffs base their claim on theories of negligence (Count I) and breach of warranty by the corporate defendants (Count II).

Defendants, General Motors Corporation and General Motors Truck and Coach Division, have moved to dismiss for lack of jurisdiction and for failure to state a claim with regard to certain allegations. Said defendants have also moved to strike paragraph five of the answer in cross-claim of defendant, Joseph Earl Leadingham, and to dismiss the cross-claim. Plaintiffs have moved for instanter leave to amend their Complaint and Second Amended Complaint and have tendered a Third Amended Complaint.

Defendants' motion to dismiss for lack of jurisdiction is based on an alleged lack of diversity of citizenship and lack of sufficient pleadings or allegations relating thereto. The allegations in the Second Amended Complaint with regard to citizenship of the parties and the principal places of business of the corporate defendants are sufficient under the tests laid down in prior orders of this court and in Walsh v. American Airlines, Inc., E.D.Ky., 264 F.Supp. 514, 28 U.S.C. § 1332.

The tendered Third Amended Complaint contains additional allegations relating to jurisdiction. Also, it seeks in Count III (the husband's claim for medical expenses, loss of consortium and damage to the automobile) damages in the amount of $11,904.89 instead of $7,145.00, thus alleging the jurisdictional amount with regard to Count III. The motion for leave to amend should be sustained. 28 U.S.C. § 1653.

In support of its motion to dismiss for failure to state a claim, defendants contend that the warranty theory (or strict liability theory) of recovery is available only to the purchaser of the chattel, members of his family, and perhaps the ultimate and expected user, and not to the occupants of a vehicle other than the

warranted vehicle or mere "bystanders", such as plaintiffs. Plaintiffs contend that the weight of authority and the "better view." permits recovery by one in plaintiffs' position. Be that as it may, this court sitting in diversity must apply the law of Kentucky to this case. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

This court is aware of no Kentucky case which has permitted a mere bystander to recover from the seller of a chattel on a theory of strict liability.

Dealers Transport Co. v. Battery Distributing Co., Ky., 402 S.W.2d 441, held that privity of contract was not required in a products liability claim based on breach of an implied warranty and that a buyer could recover damages from the manufacturer of an acetylene tank in a defective condition even though the buyer bought it from an intermediary jobber. The court stated that they were persuaded to the view expressed in Section 402A of the American Law Institute's revised Restatement of the Law of Torts approved in May 1964, which provides:

> "(1) One who sells any product in a defective condition unreasonably dangerous to the user or to his property is subject to liability for physical harm thereby caused to the *ultimate user or consumer*, or to his property, if
>
> (a) the seller is engaged in the business of selling such a product, and
>
> (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> (2) The rule stated in Subsection (1) applies although
>
> (a) the seller has exercised all possible care in the preparation and sale of his product, and
>
> (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." (Emphasis added.)

By the terms of this rule as approved by the Kentucky Court of Appeals the seller is liable to the "user or consumer". This expression is broadly defined by Comment 1 to Section 402A of the Restatement, Second, but it does not apply to one in plaintiffs' position. The Caveat to Section 402A states, "The Institute expresses no opinion as to whether the rules stated in this Section may not apply (1) to harm to persons other than users or consumers; * * *"

*Dealers Transport Co.* has been followed in recent cases by the Kentucky courts. See Allen v. Coca-Cola Bottling Co., Ky., 403 S.W.2d 20; Rogers v. Karem, Ky., 405 S.W.2d 741; Kroger Co. v. Bowman, Ky., 411 S.W.2d 339. In all of these cases, the plaintiffs were users or intended users of the warranted product, and not mere bystanders.

In order to sustain plaintiffs' contention, this court would have to extend the area of protectibility beyond that which has been established by the Kentucky decisions. The District Court for the Southern District of New York was faced with a similar contention in Mull v. Colt Co., 31 F.R.D. 154, affirmed Mull v. Ford Motor Co., 2 Cir., 368 F.2d 713. Like the instant case, that was an action by a bystander against an automobile manufacturer on a theory of strict liability and negligence. Like the Kentucky cases, the New York cases had not permitted recovery against others than users or consumers. And like the District Court in New York, I decline to extend the area of protectibility. This passage from the opinion of the court in Mull v. Colt Co., supra, is particularly relevant to the instant case:

> "The trend toward liberalization of the privity requirement is thus anything but certain in so far as it concerns protection for non-consumers. (citing authority) Even the landmark case of Henningsen v. Bloomfield Motors, Inc. [32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1], in New Jersey hesitated to go beyond members of the family and foreseeable users. The

New York courts seem at this time to be unwilling to discard completely the contractual crutch of warranty in their movement toward strict liability. Perhaps the reluctance to impose upon the seller strict liability to bystanders is based upon the feeling 'that they are not the people whom he seeks to reach with his goods, and so they do not have the same reason to rely upon any implied assurance of safety.' Prosser, supra at 1142. Absent any clear and persuasive indication that the New York Court of Appeals will extend the relaxation of privity to bystanders, I am constrained to hold that plaintiff has failed to state a claim for breach of warranty. See West v. American Telephone & Telegraph Co., 311 U.S. 223, 236, 61 S.Ct. 179, 85 L.Ed. 139 (1940)." (31 F.R. D. at 174)

■ Although the plaintiffs' Second Amended Complaint fails to state a claim against the defendants, General Motors Corporation and General Motors Truck and Coach Division, on the ground of breach of warranty, it does state a claim on the ground of negligence. Therefore, the motion of the said defendants to dismiss the Second Amended Complaint should be overruled.

■■ The cross-claim of the defendant, Joseph Earl Leadingham, seeks reimbursement and indemnity from the defendants, General Motors Corporation, General Motors Truck and Coach Division, and Joe Michels Service, Inc. The defendant, Leadingham, may be entitled to contribution under Section 412.030 of the Kentucky Revised Statutes. Also, he may be liable under the exception to the common law rule barring contribution among joint tortfeasors in pari delicto. Under the exception, where one of two parties does an act or creates a hazard and the other, while not concurrently joining in the act, is, nevertheless, thereby exposed to liability to the person injured, or was only technically at fault, as from the failure to perform some legal duty of inspection, the party who

was the active wrongdoer can be compelled to make good to the other any loss he sustained. Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 399, 224 S. W.2d 165; Chesapeake & O. Ry. Co. v. Clayton & Lambert Mfg. Co., 6 Cir., 188 F.2d 68, 72. The motions to dismiss the cross-claim and to strike paragraph five of the cross-claim should be overruled.

An order in conformity with this memorandum is this day entered.