Emily IRON CLOUD, on her own behalf and as guardian of Jeremy Iron Cloud and Mark Iron Cloud; Phyllis Wilcox, on her own behalf and as guardian of Valene Pretends Eagle, Corrina Langdeaux, Heath Pretends Eagle, Jaylene Pretends Eagle, and Howard Pretends Eagle, Jr.; Daniel Defender, on his own behalf and as guardian of Quddus Defender, Honoreta Defender, Ruby Ramsey, and Dale Ramsey; Clara Bush, on her own behalf and as guardian of Charles Comes Killing and Eve Comes Killing; Native Resource Coalition; Advocates for Human and Civil Rights, on behalf of themselves and all others similarly situated, Appellants,

v.

Louis W. SULLIVAN, Secretary, United States Department of Health and Human Services; Everett R. Rhoades, Director, Indian Health Service; Terrence W. Sloan, Director, Aberdeen Area Indian Health Service Area Officer; William G. Letson, Director, Hepatitis A Prevention Program, Aberdeen Area Indian Health Service; William L. Roper, Director, Centers for Disease Control; David Kessler, Commissioner, Food and Drug Administration; David J. Matheson, Deputy Commissioner of Indian Affairs, Bureau of Indian Affairs, Appellees.

Nos. 92–1795, 92–2772.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1992.

Decided Jan. 15, 1993.

242

Matthew J. Chachere, New York City, and Bruce Ellison, Rapid City, SD, for appellants.

Robert Mandel, Rapid City, SD (Kevin V. Schieffer and Edith Blackwell, on brief), for appellees.

Before BOWMAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

BOWMAN, Circuit Judge.

These consolidated appeals are from District Court [1] orders denying preliminary injunctive relief and class certification, and dismissing appellants' complaint for failure to exhaust administrative remedies. We hold that the action is moot, as contended by appellees (collectively, the government), and dismiss the appeals.

On February 19, 1992, the appellants sought a temporary restraining order and a preliminary injunction to halt the appellees' testing of a hepatitis A vaccine. At that time, studies of the vaccine were being conducted with Native American children ages three to twelve on the Pine Ridge and Standing Rock Indian Reservations in North and South Dakota, and in Rapid City, South Dakota, where the test subjects were Native American infants whose parents sought medical services at the Sioux San Hospital. All three studies were noted in the complaint, which alleged that parents were asked to give informed voluntary consent to their children's participation in the studies even though the government provided incomplete, misleading, and inaccurate information regarding the scope of the testing programs and the safety of the vaccine.[2]

The appellants' motions for preliminary injunctive relief were denied on February 20, and they filed a notice of appeal. The government's motion to dismiss the claim for declaratory and permanent injunctive relief remained pending before the District Court. On July 16, 1992, the court dismissed the appellants' case for failure to exhaust administrative remedies. The court concluded that appellants should have sought relief from the Food and Drug Administration before taking their claims to federal court. Appellants also have appealed that order, and the appeals were consolidated for oral argument and decision by this Court.

The government contends that testing of the vaccine on the reservations has ceased, on Pine Ridge in October 1991 and on Standing Rock in February 1992, and that contention is unrebutted. There is some question whether the Rapid City infant program is ongoing, has ceased soliciting participants, or has been abandoned altogether. That disputed fact is of no consequence here, as there are no plaintiffs in this suit who have standing to challenge the Rapid City study.[3] The government is no longer testing the vaccine on the reservations, and thus the case is moot.

■ In order to invoke the jurisdiction of the federal courts, the parties must demonstrate an "actual, ongoing" case or controversy within the meaning of Article III of the Constitution. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). Although there may have been an actual con-

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

2. The individual plaintiffs in the suit are residents of the reservations. The groups that are plaintiffs are civil rights organizations that represent the interests of the residents of the reservations. The plaintiffs sought to amend the complaint after it was filed to add Rapid City plaintiffs, but the District Court never ruled on that motion.

3. *See supra* note 2.

troversy when this action was filed,[4] the case did not remain alive once the testing programs ended. In any event, "[t]he rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974)).

■ There is no ongoing action on the part of the government for this Court (or the court below) to enjoin. The hepatitis A testing programs carried out on the reservations are long over. Further, the requests for declaratory relief also are moot because appellants' objections to the government's actions (all of which are related to the hepatitis A studies that have ended) are no longer "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser*, 422 U.S. at 402, 95 S.Ct. at 2334 (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)) (emphasis omitted).

■ We are mindful that a controversy that has become moot, especially one involving governmental action, may be "capable of repetition, yet evading review" and thus justiciable despite its mootness. *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974). Although this case theoretically is capable of repetition, we do not believe that the facts here suggest "a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975) (per curiam), *quoted in Lewis v. Continental Bank Corp.*, 494 U.S. at 481, 110 S.Ct. at 1255. First, the

government has assured us that it has no plans to do further testing of the hepatitis A vaccine on the reservations, and there is nothing in the record indicating that the tribal governments, having withdrawn their support for the studies, will agree to their resumption. Further, we have every confidence that the government has learned from this experience and will be less cavalier in the future in its approach to seeking voluntary informed consent from prospective subjects for experimental pharmaceutical tests to be conducted on Indian reservations or anywhere else.[5]

Moreover, we do not believe that "the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration," *id.*, thus the case does not "evade review." Ordinarily, a vaccine-testing program of this nature takes years to complete, and the adequacy of informed consent to participate in such a program may be challenged in the earliest stages of the program. These studies were ended early because the tribal governments withdrew their support, and not because the government was attempting in bad faith to moot the appellants' lawsuit. *See supra* note 4.

■ We have taken with these appeals appellants' motion to amend the complaint pursuant to 28 U.S.C. § 1653 (1988) (giving appellate courts power to grant leave to amend for defective allegations of jurisdiction). We hold that § 1653 is not appropriately invoked to amend the complaint to add plaintiffs with standing to challenge whatever remains of the testing program in Rapid City. "[Section] 1653 speaks of amending '*allegations* of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the juris-

---

**4.** The complaint was filed on February 19, 1992, along with the motions for injunctive relief; the government's unrebutted representation to this Court is that the last of the clinical trials on the reservations ended in February 1992 when the tribal governments withdrew their support for the programs. Thus this is not a case where defendants voluntarily ceased the activity sought to be enjoined at an advanced stage of the proceedings in order to thwart plaintiffs'

lawsuit. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 & n. 10, 102 S.Ct. 1070, 1075 & n. 10, 71 L.Ed.2d 152 (1982).

**5.** While we express no ultimate opinion on the merits of the case, we do have grave doubts that the information provided by the government afforded those solicited an adequate basis for informed consent.

dictional facts themselves." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 831, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989). Appellants' motion plainly seeks to overcome a defect in the jurisdictional facts. The motion therefore is not a proper § 1653 motion and must be denied.

The appeals are dismissed as moot. The judgment of the District Court is vacated and the case is remanded with directions to the court to dismiss the action as moot. *See Deakins v. Monaghan,* 484 U.S. 193, 200, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988).