Michael W. GILBERT, Individually, and on behalf of all others similarly situated; American Federation of State, County and Municipal Employees, Sued as AFSCME/Iowa Council 61, a certified representative for the Security Bargaining Unit, the Blue Collar Bargaining Unit, the Technical Bargaining Unit, the Clerical Unit and the Professional and Fiscal Staff Bargaining Unit for the State of Iowa, Appellees,

v.

Crispus NIX, Individually, and in his official capacity as Warden of the Iowa State Penitentiary at Fort Madison; James Burton, Individually, and in his official capacity as an employee of the Iowa Department of Corrections; L.E. Galloway, Individually, and in his official capacity as an employee of the Iowa Department of Corrections; Paul W. Grossheim, Individually, and as Director of the Iowa Department of Corrections; Linda Hanson, Individually, and as acting director of the Iowa Department of Personnel, Appellants.

No. 92–2184.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided April 9, 1993.

Theresa O'Connell Weeg, Asst. Atty. Gen. (argued), Des Moines, IA, for appellants.

Edward McConnell (argued), Des Moines, IA (Mike Hansen, on the brief), for appellees.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

McMILLIAN, Circuit Judge.

Crispus Nix, Warden of the Iowa State Penitentiary (ISP), and other prison officials appeal from an order entered in the United States District Court for the Southern District of Iowa granting a preliminary injunction prohibiting them from compelling state correctional officer Michael Gilbert and other correctional officers to answer questions in the course of an administrative investigation. For reversal, appellants argue that the district court abused its discretion when it enjoined appellants from compelling employees to answer questions during an administrative investigation without providing an express grant of immunity from criminal prosecution. We vacate the preliminary injunction and remand the case to the district court with directions to dismiss the action as moot.

## BACKGROUND

On February 27, 1992, Gilbert and other correctional officers were involved in a shakedown at the Industrial Building of the ISP in which several machines were damaged. The ISP Internal Affairs staff began an administrative investigation of the shakedown. On February 28, 1992, the correctional officers were questioned and given *Miranda* warnings. Gilbert and other correctional officers declined to answer any questions at that time. In early March 1992, the Internal Affairs staff resumed their questioning and presented the individual correctional officers under investigation with the following Notice to sign:

> As a member of the Iowa State Penitentiary Internal Affairs Bureau/Personnel Committee, acting on behalf of the Warden, I am going to ask you certain questions pertaining to your conduct and/or performance on and/or off duty as an Iowa State Penitentiary employee with the Iowa Department of Corrections. As a member of the Internal Affairs Bureau/Personnel Committee, I have the authority on behalf of the Warden to inquire into these matters. Before you answer any questions, I wish to advise you that any answers you give may be used in any administrative proceeding against you but cannot be used in any criminal prosecution. Failure to answer any questions directed to you or answering such questions untruthfully will be considered insubordination and will be considered grounds for disciplinary action up to and including dismissal from the employ of the Department.

Gilbert acknowledged receiving the Notice by signing it, but he noted on the form that his signature was made under protest. Gilbert and the other correctional officers answered the questions posed to them by the Internal Affairs staff. On March 26, 1992, while the administrative investigation was ongoing, Gilbert filed a complaint asserting that the questioning without the benefit of legal counsel violated his constitutional rights and sought a preliminary injunction in the federal district court pro-

hibiting appellants from compelling him and other correctional officers to answer questions about the shakedown.

On April 7, 1992, the district court found that the balance of equities required the issuance of a narrowly tailored preliminary injunction. The district court then enjoined appellants from compelling answers from Gilbert and the correctional officers unless they were granted immunity from federal and state use of the compelled testimony or its fruits. On April 9, 1992, appellants filed a motion for stay pending appeal of the injunction. On April 20, 1992, the district court denied the motion for stay pending appeal. This appeal followed.

## DISCUSSION

 The jurisdiction of this court can only be invoked by a party who demonstrates that an "actual, ongoing" case or controversy exists within the meaning of Article III of the Constitution. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *Iron Cloud v. Sullivan*, 984 F.2d 241, 242 (8th Cir.1993) (*Iron Cloud*). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974)). In the present case the complaint was filed after Gilbert and the other correctional officers had already answered the investigatory questions concerning the shakedown.

Additionally, no criminal charges against Gilbert and the other correctional officers are contemplated as a result of the administrative investigation. We agree with the district court that, even if any criminal charges are instituted, the statements given in response to the questions and the fruits thereof would be suppressed under *Garrity v. New Jersey*, 385 U.S. 493, 500, 87 S.Ct. 616, 620, 17 L.Ed.2d 562 (1967) ("[T]he protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements

obtained under threat of removal from office, and ... it extends to all, whether they are policemen or other members of our body politic."). Therefore, we hold that this appeal is moot and there is nothing for the district court or this court to enjoin.

 Appellants argue, however, that although this particular controversy may be moot, there is the possibility of it recurring because disciplinary and investigative actions against state employees are frequent and the employee will exercise his or her privilege against self-incrimination. We are aware that any controversy "that has become moot, especially one involving governmental action, may be 'capable of repetition, yet evading review' and thus justiciable despite its mootness." *Iron Cloud*, 984 F.2d at 243 (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 122, 94 S.Ct. 1694, 1698, 40 L.Ed.2d 1 (1974)).

Although in theory the issues involved in the present action are capable of repetition, they will not always escape review. If an employee is questioned during the course of an administrative investigation, he or she can refuse to answer and be disciplined by prison officials, that individual can then appeal the disciplinary action through the grievance process or file a complaint like Gilbert and the other correctional officers. Therefore, we hold that this case does not fall within the ambit of the mootness exception for cases "capable of repetition, yet evading review."

Accordingly, we vacate the preliminary injunction and remand the case to the district court with directions to dismiss the action as moot. *See Deakins v. Monaghan*, 484 U.S. 193, 200, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988).