**Brian NOMI, Appellant,**

**v.**

**The REGENTS FOR the UNIVERSITY OF MINNESOTA; Wendell R. Anderson, Regent; M. Elizabeth Craig, Regent; Jean B. Keffeler, Regent; Elton A. Kuderer, Regent; H. Bryan Neel, Regent; Alan C. Page, Regent; Mary J.**

Page, Regent; Thomas R. Reagan, Regent; David K. Roe, Regent; Darrin M. Rosha, Regent; Stanley D. Sahlstrom, Regent; Ann J. Wynia, Regent; Nils Hasselmo, President; Barbara J. Muesing, Executive Director; Kenneth L. Janzen, Associate Executive Director; in their official capacity as members of the Regents for the University of Minnesota, Appellees.

No. 92–2901.

United States Court of Appeals, Eighth Circuit.

Submitted May 12, 1993.

Decided Sept. 21, 1993.

Brian Nomi (law student) and Gary L. Huusko (attorney), Minneapolis, MN, argued, for appellant.

Mark B. Rotenberg, Minneapolis, MN, argued (Kathryn F. Brown, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Brian Nomi appeals the district court's[1] entry of summary judgment for the Regents of the University of Minnesota on Nomi's 42 U.S.C. § 1983 (1988) claim alleging violation of the freedom of speech, U.S. Const. Am. I and XIV. *Nomi v. Regents for the University of Minnesota*, 796 F.Supp. 412 (D.Minn. 1992). Nomi's claim is based on the University policy forbidding any potential employer from recruiting on campus unless he signs a document agreeing to abide by a University policy that "all persons shall have equal access to [University] programs, facilities, and employment[2] without regard to race, religion, color, sex, national origin, handicap, age, veteran status, or *sexual orientation.*" (emphasis added). Under this policy the University prohibits recruiting activities at its law school by the United States armed forces, which, at the time the suit was filed, would not agree to extend equal employment opportunities to homosexuals.[3] When he filed this lawsuit, Nomi was a law student who wished to have on-campus military recruiting available to him, and he asserts that the law school stifled his efforts to bring military recruiters to campus. Nomi has now graduated from law school and we conclude that the case is moot. We vacate the

---

1. The Honorable Harry H. MacLaughlin, Senior District Judge for the District of Minnesota.

2. Read literally, the policy only requires equal access to *university* employment. However, the University interprets the policy to require third-party employers to assure equal opportunity to the listed groups.

3. While Nomi stated at oral argument that military employers have various physical requirements that would prohibit hiring of handicapped persons or any person over 29 years of age, the University's only objection to the military recruiters was the question of sexual orientation.

district court's judgment and remand with directions to dismiss.

Inherent in this case are thorny First Amendment and standing questions. Nomi was a Second Lieutenant in the Army Reserve on inactive status. Whether a student who is an Army officer has standing to complain about obstacles to recruitment on campus raises serious standing questions. However, we need not embroil ourselves in these questions, for Nomi's case is moot.

Nomi graduated from law school after oral argument in this case. Nomi seeks injunctive, prospective relief. Whatever injury he may have suffered as a student, we can no longer grant him relief. *See McFarlin v. Newport Special School Dist.*, 980 F.2d 1208, 1210 (8th Cir.1992). A case must remain live through all stages of appeal. *Iron Cloud v. Sullivan*, 984 F.2d 241, 243 (8th Cir.1993).

Nomi claims that he continues to suffer injury because as a law school alumnus, "[h]e may still request employer recruitment information [from the law school placement office], and he will still be denied employment information due to the University's unconstitutional policy." This nebulous assertion does not establish standing for summary judgment purposes. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our [standing] cases require." *Lujan v. Defenders of Wildlife*, — U.S. —, —, 112 S.Ct. 2130, 2138, 119 L.Ed.2d 351 (1992).

Nomi also argues that his injury is "capable of repetition, yet evading review," because the three years of law school is not sufficient time for a case like his to make its way through the courts. Nomi will not attend law school again, and so the injury is not capable of repetition with regard to him. *See DeFunis v. Odegaard*, 416 U.S. 312, 319, 94 S.Ct. 1704, 1707, 40 L.Ed.2d 164 (1974) (Graduating law student "will never again be required to run the gantlet of the Law School's admission process, and so the question [of constitutional defects in the process] is certainly not 'capable of repetition' so far as he is concerned."). Injury to someone else does not bring Nomi within the doctrine he is trying to invoke. *McFarlin*, 980 F.2d at 1211.

Therefore, we hold the case moot, vacate the judgment below, and remand to the district court with directions to dismiss the complaint. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950).