**BULL HN INFORMATION SYSTEMS INC., Plaintiff,**

v.

**Charles J. HUTSON, Defendant.**

**No. CIV. A. 98–10998–RBC.[1]**

United States District Court,
D. Massachusetts.

Jan. 6, 1999.

---

**1.** With the parties' consent, this case was referred and reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

David B. Chaffin, Robert T. Nagle, Hare & Chaffin, Boston, MA, for plaintiff.

Nelson G. Harris, Brooks, Stevens & Pope, P.A., Cary, NC, Michael J. Liston, Carr & Liston, Boston, MA, for Defendant.

### MEMORANDUM AND ORDER ON BULL HN'S MOTION FOR LEAVE TO AMEND OR FOR RECONSIDERATION (# 17)

COLLINGS, Chief United States Magistrate Judge.

#### I. Introduction

On July 24, 1998, I allowed defendant Charles J. Hutson's (herein "Hutson") motion to dismiss for lack of subject matter jurisdiction after determining that the minimum amount in controversy to support diversity jurisdiction had not been met in plaintiff Bull HN Information Systems Inc.'s (hereinafter "Bull HN") Application And Motion To Vacate Modified Arbitration Award And To Stay.[2] See Bull HN Information Systems, Inc. v. Hutson, 1998 WL 426047 (D.Mass. 1998). Judgment entered accordingly on even date. On or about August 6, 1998, Bull HN filed the instant motion pursuant to 28

---

**2.** Bull HN's Application and Motion to Vacate Modified Arbitration Award and to Stay (# 1) shall hereinafter be referred to as "the Application".

U.S.C. § 1653 and Rule 59(e), Federal Rules of Civil Procedure, for leave to amend and/or supplement the Application or, alternatively, for reconsideration. Hutson opposes the motion.

To briefly recap, in the Application, Bull HN sought by way of substantive relief to have the Court vacate the arbitrator's modified award and decline "to remand the matter based on a finding that the time within which an award was to have been made had expired." (# 1 at 5) Indeed, in its Memorandum In Support, the plaintiff specifically argued that the case should not be remanded once again to the arbitrator under 9 U.S.C. § 10(a)(5) because Hutson's claims were not timely filed. (# 2 at 18–9) Having so circumscribed its claim, under the applicable law Bull HN in effect "limited the value of the relief requested to the amount of the arbitral award sought to be vacated," that being less than $53,000.00. (Memorandum And Order # 15 at 10) Consequently, it was concluded that the jurisdictional amount in controversy has not been met, and the defendant's motion to dismiss the Application was allowed.

At this juncture, Bull HN seeks to amend the Application. The sole specific alteration is the form of relief requested: "the modified award should be vacated *and this matter remanded to the arbitrator with explicit instructions that he heed the instructions contained in Magistrate Judge Collings' November 10, 1997, Opinion.*"[3] (# 17, Exh. 1 at 15) With this changed pleading, Bull HN contends that the requisite jurisdictional amount to support diversity jurisdiction would be established.

## II. Rule 59(e), Fed.R.Civ.P.

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."[4] The First Circuit has explained that:

---

**3.** That Opinion is reported. *See Bull HN Information Systems, Inc. v. Hutson,* 983 F.Supp. 284 (D.Mass.1997).

**4.** There is no dispute that the plaintiff timely filed its Rule 59(e) motion and that the Court has jurisdiction to consider this matter. *See, e.g., Perkins v. United States,* 848 F.Supp. 1236, 1237

---

Rule 59(e) motions are "aimed at reconsideration, not initial consideration." *Harley–Davidson Motor Co., Inc. v. Bank of New England,* 897 F.2d 611, 616 (1st Cir.1990)(*citing White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982)(emphasis in original)). Thus, parties should not use them to "raise arguments which could, and should, have been made before judgment issued." *Id.* (*quoting Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. *Meyer,* 781 F.2d at 1268. They may not be used to argue a new legal theory. *Id. Federal Deposit Insurance Corporation v. World University Inc.,* 978 F.2d 10, 16 (1st Cir.1992); *see generally* 12 Moore's Federal Practice § 59.30[4],[5] (Matthew Bender 3d ed.); 11 Fed. Prac. & Proc. Civ.2d § 2817 (1995).

The Court reiterated this view more recently:

> We consider the district court's decision in light of the law governing the disposition of a Rule 59(e) motion.
>
>> Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.

*Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996) (citations omitted); *see Vasapolli [v. Rostoff],* 39 F.3d [27] 36–37 [ (1st Cir.

---

(S.D.W.Va.1994) ("Although the Federal Rules of Civil Procedure do not refer specifically to motions for reconsideration, the cases make clear that such a motion filed within ten days of the entry of judgment is to be considered as a motion to alter or amend that judgment under Rule 59(e).")

1994) ]; *Hayes v. Douglas Dynamics, Inc.,* 8 F.3d 88, 91 n. 3 (1st Cir.1993); *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992); *National Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial,* 899 F.2d 119, 123 (1st Cir.1990). *Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 857, 139 L.Ed.2d 757 (1998); *see also Hayden v. Grayson,* 134 F.3d 449, 455 n. 9 (1st Cir.1998).

■ Although Bull HN incorporates certain clarified and supplemental facts [5] within its motion, the primary thrust is that it should now be permitted to amend the Application. From all that appears, Bull HN made a deliberate, strategic decision to plead the Application in the manner that it did. There are no new material facts alleged nor any obvious error of law.[6] I am hard pressed to see the proposed amendment as anything other than a retreat in the face of a loss, rearmament and advance with a new legal theory. Rule 58(e), Fed.R.Civ.P., is not a proper vehicle for such a strategy.

### III. Title 28 United States Code § 1653

■ Title 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The Supreme Court had occasion to interpret this statute about a decade ago in the case of *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). The issue in that case was whether a dispensable nondiverse party could be dropped from a case when it was on appeal so as to sustain diversity jurisdiction. The dispensable party, one Bettison, was a United States citizen but was not domiciled in any one of the states but rather in a foreign country. "...Bettison's 'stateless' status destroyed complete diversity under § 1332(a)(3), and his United States citizenship destroyed complete diversity under § 1332(a)(2)." *Id.,* 490 U.S. at 829, 109 S.Ct. 2218.

The asserted bases for the appellate court to drop Bettison as a party were 28 U.S.C. § 1653 and Rule 21, Fed.R.Civ.P. The Supreme Court held that the appellate court had the power to do so under Rule 21, Fed.R.Civ.P.,[7] but not under 28 U.S.C. § 1653. The Court wrote:

Title 28 U.S.C. § 1653, enacted as part of the revision of the Judicial Code in 1948, provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." At first blush, the language of this provision appears to cover the situation here, where the complaint is amended to drop a nondiverse party in order to preserve statutory jurisdiction. But § 1653 speaks of amending "allegations of jurisdiction," which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves. Under this reading of the statute, which we believe is correct, § 1653 would apply if Bettison were, in fact, domiciled in a State other than Illinois or was, in fact, not a United States citizen, but the complaint did not so allege. It does not apply to the instant situation, where diversity jurisdiction does not, in fact, exist.

*Newman–Green, Inc.,* 490 U.S. at 830–1, 109 S.Ct. 2218.

---

5. Bull HN "concedes" that it did not properly articulate the issues to be resolved by the arbitrator in Phase I of the arbitration in the Application; Hutson disagrees, asserting that Bull HN inaccurately describes the issues in its current filings. This issue is discussed, *infra,* at pp. 11–12. Next, while acknowledging that it sought only vacatur in the Application, Bull HN argues that in a footnote in its Memorandum In Support, alternative relief was requested in the form of a remand with instructions. Of course, in deciding a motion to dismiss, a court examines the viability of a claim as pleaded within the four corners of the complaint, not as amplified in a footnote in a legal brief. Lastly, although I did previously suggest in a footnote that Bull HN could seek redress in the state court and in fact that avenue appears to be closed, that point was not fundamental in the determination to dismiss.

6. It is true that Bull HN asks for reconsideration of the dismissal, but no new reasons or law are advanced such as would persuade me that the previous decision on the record then before me was incorrect.

7. *See Fidelity & Casualty Co. v. Reserve Ins. Co.,* 596 F.2d 914, 918 (9th Cir.1979).

The Court went on to note that "...every Court of Appeals that has considered the scope of § 1653 has held that it allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *Id.* at 832, 109 S.Ct. 2218. The Supreme Court "declin[ed] to reject this longstanding interpretation of the statute." *Newman–Green, Inc.*, 490 U.S. at 830–1, 109 S.Ct. 2218.

█ Not surprisingly, cases which postdate *Newman–Green, Inc.* have followed the Supreme Court's analysis. Thus, in the case of *Iron Cloud v. Sullivan*, 984 F.2d 241 (8th Cir.1993), the Court was faced with a motion to amend pursuant to § 1653 to add plaintiffs who would have standing to bring the case when the original plaintiffs were found to lack standing. The Court wrote:

> We hold that § 1653 is not appropriately invoked to amend the complaint to add plaintiffs with standing...
>
> Appellants' motion plainly seeks to overcome a defect in the jurisdictional facts. The motion is not a proper § 1653 motion and must be denied.

*Id.* at 243–4 (citing *Newman–Green, Inc.*, 490 U.S. at 831, 109 S.Ct. 2218).

Thus, in the *Newman–Green* case, dropping Bettison changed the jurisdictional facts; in the *Iron Cloud* case, adding plaintiffs changed the jurisdictional facts. In *Newman–Green*, if Bettison had, in fact, been a citizen of a diverse state but that had not been alleged, § 1653 would have allowed an amendment of the *allegation* of the Complaint so as to allege that citizenship. *See Odishelidze v. Aetna Life & Casualty Co.*, 853 F.2d 21, 24 (1st Cir.1988). If one of the named parties in *Iron Cloud* had standing but the fact of standing had not been properly *alleged*, an amendment pursuant to 28 U.S.C. § 1653 would lie to correct the allegation to make it clear that the plaintiffs already in the case had standing. *See Chandler v. Miller*, 520 U.S. 305, 313 n. 2, 117 S.Ct. 1295, 137 L.Ed.2d 513. (1997); *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 6 (11th Cir.1993).

Similarly, in the case of *St. Francis Medical Ctr. v. Sullivan*, 962 F.2d 1110, 1117 (3d Cir.1992), the Court permitted the district court to consider whether to allow an amendment to assert federal question jurisdiction. Presumably, the amendment would not be allowed unless it was clear that federal question jurisdiction was present at the time the complaint was filed but not alleged. The Third Circuit specifically stated that it was acting so as to "...permit such amendments to be made in an attempt to cure defective *allegations* of jurisdiction." *Id.* (emphasis added). *See also Eisler v. Stritzler*, 535 F.2d 148, 152 (1st Cir.1976).

Most of the cases cited by Bull HN were either decided before *Newman–Green* or are otherwise inapposite. The case of *Mathews v. Diaz*, 426 U.S. 67, 75 n. 9, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976), dealt with a supplemental pleading, i.e., alleging acts which have occurred since the original pleading,[8] In the instant case, there have been no acts occurring since the original pleading which, if pleaded, would confer jurisdiction. The case of *Goble v. Marsh*, 684 F.2d 12, 17 (D.C.Cir. 1982), clearly dealt with a defective allegation of a waiver which was a prerequisite to jurisdiction; the Court allowed the defective *allegation* to be corrected so that the waiver was correctly set forth.

The one case which does lend support to Bull HN's position is *Davidson v. Leadingham*, 294 F.Supp. 155 (E.D.Ky.1968). In that case, the plaintiffs had an additional claim which brought the amount in controversy over the jurisdictional threshold; they just had not alleged that claim in the original complaint. Thus, they had failed to allege what was actually the case, i.e., that they had an additional claim against the named defendants which brought the amount in controversy in excess of the jurisdictional amount. The original complaint was thus subject to dismissal for lack of subject matter jurisdiction. However, the Court allowed them to remedy this problem by adding this claim. *Id.* at 156.

What Bull HN seeks to do in the instant case is to change the relief sought so that there will be jurisdiction. Bull HN is not

---

**8.** *See* Rule 15(d), Fed.R.Civ.P.

**24**

seeking to add or drop parties or to create subject matter jurisdiction in a situation in which it cannot possibly be sustained. It appears undisputed that the overall controversy between Bull HN and Hutson which is the subject of the claim for arbitration exceeds $75,000. The problem with the Application is that the manner in which the relief sought is pleaded renders the Application subject to dismissal for failure to satisfy the jurisdictional amount. Thus, the jurisdictional *allegations* are defective. It is hard to see how allowing Bull HN to amend the application to alter the relief sought is any different from allowing the plaintiffs in *Davidson v. Leadingham, supra,* to amend their complaint to add a claim which brought the damages over the jurisdictional threshold.

Accordingly, I rule that § 1653 permits Bull HN to amend the Application to correct the defective *allegations* of jurisdiction. This can be accomplished in one of two ways, or in both ways, alternatively. First, Bull HN may file an Amended Application seeking relief in the form of a vacating of the modified award and a remand to the arbitrator. Second, it may file an Amended Application seeking the same relief sought in the Application as it now stands, i.e., vacating the modified award and no remand to the arbitrator, provided it is able, consonant with the requirements of Rule 11(b), Fed.R.Civ.P., to set forth allegations of fact which show that even with this relief sought, the matter in controversy exceeds $75,000. As noted in footnote 4, *supra,* Bull HN avers that statements in paragraph 5 of the Application are erroneous, and that if corrected, the matter in controversy will exceed $75,000. *See* Memorandum in Support of Motion for Leave to Amend or for Reconsideration (# 18) at pp. 8–9. Hutson disputes this assertion, but it is difficult, without an amended application in front of me, to determine which party is correct.

### IV. Conclusion and Order

Accordingly, it is ORDERED that Bull HN's Motion for Leave to Amend or For Reconsideration (# 17) be, and the same hereby is, ALLOWED to the extent that Bull HN is granted leave, pursuant to·28 U.S.C. § 1653, to file and serve an amended application which cures the defective allegations of subject matter jurisdiction. Upon the filing of the amended application, the judgment entered on July 24, 1998 will be VACATED. Nothing herein shall limit Hutson in any way from challenging the amended application on any grounds which are applicable; obviously, any pleadings challenging the amended application must comply with Rule 11(b), Fed.R.Civ.P. It is FURTHER ORDERED that Bull HN's Motion for Leave to Amend or For Reconsideration (# 17) be, and the same hereby is, otherwise DENIED.