747 F.2d 816
 Bankr. L. Rep. P 70,104
In re ROANCA REALTY, INC.
CITIBANK, N.A. and Secretario De Hacienda De Puerto Rico, Appellees,
v.
ROANCA REALTY, INC., Appellees.
Interamericas Turnkey Development Co., et al., Appellants.
 No. 84-1093.
 United States Court of Appeals,
First Circuit.
 Argued Oct. 1, 1984.
Decided Nov. 7, 1984.
 
 Pasco Frank Loffredo, Cranston, R.I., with whom Chaika & Loffredo, Cranston, R.I., and Eduardo E. Ortiz, Humacao, P.R., were on brief for appellants.
 Maria Emilia Pico, Hato Rey, P.R., with whom Ralph J. Rexach and Rexach & Pico, Hato Rey, P.R., were on brief for appellees Secretario De Hacienda De Puerto Rico.
 Before COFFIN, Circuit Judge, TIMBERS,* Senior Circuit Judge, and BREYER, Circuit Judge.
 BREYER, Circuit Judge.
 
 
 1
 Appellee Secretario de Hacienda de Puerto Rico held a secured interest in property belonging to Roanca Realty, Inc., a debtor in bankruptcy. In September 1981 Secretario obtained a Commonwealth court judgment allowing foreclosure on the property. It then began an adversary proceeding in the federal bankruptcy court, asking the court to lift the automatic bankruptcy stay of proceedings in other courts, see 11 U.S.C. Sec. 362, so that it could foreclose upon, and sell, the property. On December 9, 1982, the bankruptcy court lifted the stay, and the property was subsequently sold.
 
 
 2
 Appellants, other creditors of Roanca, appealed to the federal district court the bankruptcy court's judgment lifting the stay. The district court dismissed the appeal, in part because it was not filed within ten days of the entry of judgment, as Bankruptcy Rule 802(a) requires. Appellants now ask us to reverse the district court.
 
 
 3
 Since appellants filed their appeal in district court on March 16, 1983--almost three months late--they must find some way around Rule 802's ten-day time limit. They seek to do so by making an equitable argument. They say that they did not have notice of the bankruptcy court's December 9 entry of judgment. And, that is why they did not file the appeal on time.
 
 
 4
 Our examination of the record convinces us that appellants have no ground for avoiding the ten-day limit. As a practical matter, they were aware of the likelihood of the judgment's entry. They knew about the adversary proceeding. They were present in the courtroom during much of the argument. In fact, they sought to intervene. The bankruptcy court denied their intervention request, for reasons that do not appear in the record (but which appellees suggest were grounded in the "disruptive" manner in which appellants sought to participate). They failed to appeal that decision. Given the extent of their knowledge, they could easily have kept track of the case by monitoring the public record.
 
 
 5
 As a legal matter, Bankruptcy Rule 922(a) unambiguously states that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed ...." The rule would seem to apply a fortiori here where appellants' claim of 'right of notice' is exceptionally weak. Appellants were not parties to the adversary proceeding. They were not intervenors. And, 11 U.S.C. Sec. 1109(b), which allows any "party in interest" to "appear and be heard on any issue," says nothing of notice. See Matter of Marin Motor Oil, Inc., 689 F.2d 445, 454 (3rd Cir.1982), cert. denied, 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983) (section 1109(b) does "not of itself grant a right to notice of all steps taken in the reorganization"). Collier says that the Code here adopts a "flexible notice" rule and grants the bankruptcy court "discretion with respect to notice." 5 Collier on Bankruptcy p 1109.02 at 1109-24 (15th ed. 1984). If so, the court's failure to require that notice of the judgment's entry be sent to appellants is within its lawful powers. Appellants argue that Bankruptcy Rule 922(a) is unconstitutional. But, given the extent of their actual knowledge about the proceeding and the consequent minimal burden of checking the public record, their constitutional argument is frivolous. Cf. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (requiring notice "reasonably calculated" to reach parties).
 
 
 6
 Agreeing with the district court as we do on the issue of timely appeal, we see no need to reach the questions of mootness and the jurisdiction of the bankruptcy court that were raised by the appellants.
 
 The judgment of the district court is
 
 7
 Affirmed.
 
 
 
 *
 Of the Second Circuit, sitting by designation