Magdalena **PAGAN DE JESUS** et al., **Plaintiffs,**

v.

Pedro **TOLEDO DAVILA** et al., **Defendants.**

Mildred **Santiago Cruz, et al., Plaintiffs,**

v.

Pedro **Toledo Davila, et al., Defendants.**

Civ. Nos. 95–1247(DRD), 95–1349(DRD).

United States District Court, D. Puerto Rico.

Jan. 29, 1999.

Antonio Bauza–Torres, Urb, Munoz Rivera, Guaynabo, PR.

Jose R. Franco–Rivera, San Juan, PR.

Lydia Lizarribar–Buxo, Hato Rey, PR.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

In the instant case the court entered an order granting co-defendant's Pedro Toledo Dávila and Eduardo Soto Rosa an unopposed summary judgment dismissal based on the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), (Docket No. 156). Judgment was entered on July 21, 1998, and notified on July 23, 1998, (Docket No. 157).

Pending before the court is a Motion for Reconsideration filed by Plaintiffs Magdalena Pagán de Jesús, et al, (Docket No. 159). The Motion for Reconsideration is **DENIED.**

As to codefendant Pedro Toledo Dávila he filed a Supplemental Proffer of Uncontested Facts that clearly established no supervisory liability in compliance with local Rule 311.12 on February 20, 1998 (Docket No. 137). "Prior to the incident alleged in the complaint codefendant Police Chief Toledo Dávila was not place[d] on notice concerning Plaintiff's allegations that supervision, selection, recruitment and training of CIC Agents José R. Denis Tavales, Ismael Ortiz Mercado, Oscar Meléndez Rodriguez and Orlando Oppenheimer Franceschini was inadequate." This statement of uncontested facts was supported by an affidavit. Hence, the non supervisory liability of Pedro Toledo Dávila had factual support on the record contrary to the allegations of Plaintiff. Further, Plaintiff filed no opposition nor any counter designation of facts and now pretends that the court proceeds with a "ferreting through the record" examination, *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 930–31 (1st Cir.1983), lurking for potential facts that may benefit Plaintiff. The court will not engage in said "ferreting through the record" to comply with obligations that belong procedurally to Plaintiff. ·As in *Stepanischen v. Merchants Despatch Transportation Corp.*, (*Id.*), the court will not "continue to ferret through the record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issue of material facts." As "Stepanischen warns ... failure to make specific references to the record 'would, when appropriate, be grounds for judgment against the parties'." *Dominguez v. Eli Lilly*, 958 F.Supp. 721, 727 (D.Puerto Rico 1997). Plaintiff is even in a worse position because no opposition whatsoever was filed.

As to codefendant Eduardo Soto Rosa, the court cannot "peruse" the record or "ferret through the record" lurking for facts that may favor Plaintiff when said facts were not proffered by Plaintiff under a counter designation of facts filed under Local Rule 311.12 simply because Plaintiff never filed any opposition. *Dominguez v. Eli Lilly, Id.* The depositions alluded by Plaintiff in its reconsideration were simply never timely filed. Defendant, Eduardo Soto Rosa, on the other hand, provided documents in support of its proposition that he had no supervisory liability. Plaintiff did not proffer any facts to the contrary. Hence, Plaintiff took the risk "to sit idly by and allow the summary judgment proponent to configure the record ... [which] is likely to prove fraught with consequences. This case is no exception." *Kelly v. United States*, 924 F.2d 355, 358 (1st Cir. 1991). Plaintiff simply did not establish any material facts to controvert defendant's proffer, "the non movant must produce specific facts in suitable evidentiary form sufficient to limn a trial worthy issue. (Citations omitted) Failure to do so allows the summary judgment engine to operate at full throttle."

*Lawton v. State Mutual Life Assurance Co.,* 101 F.3d 218, 223 (1st Cir.1996).

Recently after defendant's oppositions to the reconsideration were filed by both codefendants, Plaintiff in a reply memorandum dated August 31, 1998, (Docket No. 165), has proffered facts, has filed depositions, and makes new arguments of law. Said effort still does not comply with Local Rule 311.12 (no separate statement of uncontested facts provided).[1] Even if the court accepts compliance with Local Rule 311.12, the submittal of Plaintiff is too late and may not be considered by the court. The court explains.

■ A motion for reconsideration under Federal Rule 59(e) cannot be used to cure procedural failures or to introduce new evidence that could and should have been presented originally to the court. *F.D.I.C. v. World University,* 978 F.2d 10, 16 (1st Cir. 1992); *Aybar v. Crispin–Reyes,* 118 F.3d 10, 17 (1st Cir.1997); *Jorge Rivera Surillo v. Falconer Glass Industries,* 37 F.3d 25, 29 (1st Cir.1994).

> Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issue. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to argue a new legal theory.

■ Further, new facts proffered in Rule 59 motions should have been "unavailable" prior to the filing until said reconsideration. *Lostumbo v. Bethlehem Steel, Inc.,* 8 F.3d 569, 570 (7th Cir.1993); *Aybar v. Crispin Reyes, (Id.).* The new proffer produced by Plaintiff in its reply memorandum and the motion of reconsideration clearly fall in the category of "new legal theory" and facts

1. The court had granted Plaintiff a further opportunity to comply with local Rule 311.12 in an order after Judgment (Docket No. 160).

2. Codefendant Pedro Toledo Dávila alleges that Plaintiff's reconsideration under Rule 59(e) was tardy because it was not timely filed within ten days as required and hence should be considered not under Rule 59(e) but under Rule 60(b). Defendant alleges that since the judgment was entered on July 23, 1998, the motion of reconsideration filed on August 3, 1998, is untimely since

which were "available" (previously taken deposition before summary judgment request). Hence, the court must deny Plaintiff's belated new legal arguments and Plaintiff's proffered new facts.[2]

IT IS SO ORDERED.

thirteen days had elapsed. However, defendant overlooks that pursuant to Civil Federal Rule 6 when the time prescribed or allowed under the rule is less than 11 days, Saturdays, Sundays, and legal holidays are excluded. Since the judgment was notified and entered on July 23, 1998, said date does not count "as the day of the Act" Rule 6(a) and, since two weekends transpired, four days are further discounted; hence, the submittal of Plaintiff was timely.