In the Matter of Ramon A. PABON RODRIGUEZ, Elsa Iris Medina Landin, Debtors.

Nicasio Lopez Jimenez, et al., Plaintiffs,

v.

Ramon A. Pabon Rodriguez, substituted by Richard Lee, Trustee, Defendants.

Bankruptcy No. 95–02831.

Adversary Nos. 96–0108, 96–0109.

United States Bankruptcy Court, D. Puerto Rico.

Feb. 24, 1999.

Juan E. Colón, Aguadilla, P.R., Miguel E. Bonilla Sierra, San Juan, P.R., for plaintiffs.

Charles Cuprill, Ponce, P.R., for debtor.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE,
Bankruptcy Judge.

Before the Court is a Motion requesting reconsideration of judgment filed by Plaintiffs on January 5th, 1998. Docket no. 17. Plaintiffs also pray the Court to consider their reply to the Trustee's motion for summary judgment (Docket no. 14) and their motion for reconsideration of Judgment (Docket no. 17) as motions under Rules 59 and/or 60 of the Federal Rules of Civil Procedure and in the alternative, as a motion requesting an extension of time to appeal. Docket no. 18.

## I. Jurisdiction and Procedure

This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334(b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (C) and (O).

## II. Procedural History

The events giving rise to this proceeding commenced on September 5th, 1997, when the Trustee filed a motion for summary judgment. Docket no. 13. Plaintiffs' response was due on September 16th, 1997.[1] According to Plaintiffs' counsel, he requested an extension of no less than forty-five days to oppose the Trustee's motion on September 12, 1997. *See,* Plaintiffs' Motion in Request for Reconsideration of Judgment, Docket no. 17, at 2; Plaintiffs' Motion Requesting that the Reply to Request for Summary Judgment, Docket no. 18, at 2. The Court has no evidence, however, that said request was ever made either informally or formally.[2] The motion was never docketed, a hearing was not held on that date, nor Plaintiffs provided a stamped copy in support of this allegation.

On December 3rd, 1997, without knowledge that Plaintiffs had allegedly requested for an extension of time to answer, the Court granted the Trustee's motion for summary judgment. Notwithstanding the Court's order, Plaintiffs filed their reply to the Trustee's motion on December 12, 1997, eighty-seven days after it was due and nine days after this Court's order.

---

1. Rules 311(5) and (12) of the Local Rules of the Unites States District Court for the District of Puerto Rico (hereinafter "U.S.D.C. Local Rules"), as adopted and amended by Rules 7001(1) and (b)(1) of the Local Bankruptcy Rules, provide that a respondent has eleven days to oppose a motion for summary judgment after it being served.

2. Rule 9006 of the Federal Rules of Bankruptcy Procedure (hereinafter "Fed.R.Bankr.P.") governs the enlargement of time limitations for taking actions required under the Rules or by order of the court. Paragraph (1) of subdivision (b) of Rule 9006 states, *inter alia,* that a court, *with of without motion or notice,* may order the period within which to do an act or give a notice enlarged if a request is made before the expiration of the period originally prescribed or as extended by a previous order of the court. Collier comments that by the words "with or without motion or notice", the Rule permits the parties to make the motion informally. He explains, however, that "[t]he motion, when so made, unless made during a hearing or trial, should be written" following the procedure prescribed by Rule 9013 of the Federal Rules of Bankruptcy Procedure. 10 Lawrence P. King et al., *Collier on Bankruptcy,* ¶ 9006.06[2], at 9006–11 to 9006–12 (15th ed.1997).

Docket no. 14. The Court denied Plaintiffs' reply as moot.

On December 29, 1997, the Court entered judgment dismissing Plaintiffs' claims and holding that the title in fee simple to the real property lies with the Debtors and their estate in bankruptcy. On January 7, 1998, the Plaintiffs filed a motion requesting this Court to reconsider and vacate the judgment. Docket no. 17. Plaintiffs claim that they were misled by the Court's failure to notify them whether their request for an extension of time had been granted. Plaintiffs argue that since "[n]o notice by the court was ever notified concerning said petition ... counsel was thus mislead [sic] to belief that the forty five (45) days requested would not begin until the remedy was granted." *Id.*, at 2. Plaintiffs also argue that they were not able to complete their opposition to the Trustee's motion for summary judgment until December 9, 1997 and file it on December 12, 1997 because they needed to gather "abundant evidenciary [sic] proof in order to contest the allegations contained in trustee's brief." *Id.*

On January 13, 1998, Plaintiffs filed a motion requesting the Court to consider their reply to the Trustee's motion for summary judgment (Docket no. 14) and their motion for reconsideration (Docket no. 17) as motions under Rules 59 and/or 60 of the Federal Rules of Civil Procedure and in the alternative, as a motion requesting an extension of time to appeal. Docket no. 18. Besides the arguments presented in the previous motion, Plaintiffs claim that "it will constitute a miscarriage of justice if the judgment entered on December 29, 1997 is not set aside or if the opportunity for appellate review is not afforded to the Plaintiff, particularly in a case where the property rights of the appearing parties are involved." *Id.*, at 2.

The Trustee has not filed a reply to either of Plaintiffs' motions.

## III. Controversy and Arguments of the Parties

The dispositive issue in this case is whether the Court must vacate the judgment entered in order to consider Plaintiffs' reply to the Trustee's motion for summary judgment which was filed eighty-seven days after the deadline expired and nine days after the Court granted the motion. Plaintiffs claim that they were misled by the Court's failure to notify them whether their request for an extension of time had been granted. Plaintiffs' counsel asserts that he honestly believed that the additional time requested would not begin to run until the Court granted the motion and notify it. Plaintiffs also argue that they could not file their opposition previously because they needed to gather "abundant evidenciary [sic] proof in order to contest the allegations contained in trustee's brief." Finally, Plaintiffs contend that since the Court denied their reply brief as moot, the December 29, 1997 order constitutes a "miscarriage of justice ... particularly in a case where the property rights of the appearing parties are involved."

For the reasons stated herein, the Court declines to follow Plaintiffs' pleas and, therefore, denies its motions.

## IV. Discussion

### A. Procedural requirements to request an extension of time for replying to a motion for summary judgment

Rules 311(5) and (12) of the U.S.D.C. Local Rules, as adopted and amended by Rules 7001(a) and (b)(1) of the Local Bankruptcy Rules, provide that a respondent has eleven (11) days to oppose a motion for summary judgment after its service. Pursuant to U.S.D.C. Local Rule 311(5), the respondent should file the reply brief and all supporting documents within said period. If the respondent needs to file additional affidavits or other documents in support of his brief, U.S.D.C. Local Rules

311(6) and (12) provide that the respondent must indicate so in the motion, and "the Clerk may enter an *ex parte* order specifying the time within which such additional documents and brief shall be filed...."

Moreover, Fed.R.Bankr.P. 7056(f) provides that if a party needs additional time to submit affidavits or other evidentiary materials in opposition to a motion for summary judgment, he must submit an affidavit explaining the reasons why he is unable to do so.[3] This Rule is usually used in situations "in which the facts are exclusively or largely within the knowledge or control of the moving party or nonparties, thereby rendering it impossible for the nonmoving party to submit timely affidavits or other evidentiary materials demonstrating the existence of genuine issues of fact." 10 Lawrence P. King et al., *Collier on Bankruptcy*, ¶ 7056.08, at 7056–11 (15th ed.1997). Collier explains that the Rule "cannot however rest on a mere assertion that summary judgment should be denied because of the nonmoving party's lack of knowledge of the facts. Rather, the affidavit must specify what facts are within the movant's knowledge or control and what steps have been taken to obtain the information. The court may then order a continuance of the motion to permit the discovery to be taken, deny the motion without prejudice to renewal after completion of discovery, or take any other action it deems appropriate." *Id.*, at 7056–11 to 7056–12.

In requesting an extension of time, the nonmoving party must abide by U.S.D.C. Local Rule 311(14), as adopted by Rule 7001 of the Local Bankruptcy Rules. Rule 311(14) provides:

**(14) Extensions of Time**

■ **(A)** The Clerk of the Court is authorized to sign and enter orders without further direction by the Court granting a first extension of time not to exceed thirty (30) days. Any extension of time thereafter must be presented to the Court for consideration.

**(B)** *All motions for extension of time shall state the expiration date of the period sought to be extended and the expiration date of the proposed extension.*

Pursuant to this Rule, the nonmoving party may request an extension of time to file his reply to a motion for summary judgment provided that he complies with the requirements set forth in the Rule. In his motion, the party must specify the period of time requested and when will it expire.

■ In seeking an extension of time to respond to a motion for summary judgment, the party must also comply with the requirements of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure. This Rule governs the enlargement of time limitations for taking actions required under the Rules or by order of the Court. It provides for a court order enlarging time, and permits retroactive enlargement if excusable neglect is shown. If the request is made before the expiration of the period originally prescribed or as extended by previous order, the court may enlarge the time at its discretion, "with or without a motion or notice." Collier comments that by the words "with or without motion or notice," the Rule permits the parties to make the motion informally. He explains, however, that "[t]he motion, when so made, unless made during a hearing or trial, should be written" following the procedure prescribed by Fed.R.Bankr.P.

---

**3.** Fed.R.Bankr.P. 7056(f) provides:

(f) **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
*See* also, 10 Lawrence P. King et al., *Collier on Bankruptcy*, ¶ 7056.08, at 7056–11 to 7056–12 (15th ed.1997).

9013.[4] 10 Lawrence P. King et al., *Collier on Bankruptcy,* ¶ 9006.06[2], at 9006–11—9006–12 (15th ed.1997). Once a party shows some cause for an order enlarging the period of time, it is within the discretion of the court to grant or deny it.

■ If a party does not oppose a motion for summary judgment within the eleven day period provided in U.S.D.C. Local Rules 311(5) and (12), or within the time provided by the Court pursuant to U.S.D.C. Local Rule 311(14) and Fed. R.Bankr.P. 9006(b)(1), the Court may consider the motion. Nonetheless, the mere fact that a party failed to file a timely opposition "does not in itself justify summary judgment." *López et al. v. Corporación Azucarera de Puerto Rico,* 938 F.2d 1510, 1517 (1st Cir.1991) (citation omitted). *See* also, *Resolution Trust Corporation v. Gold,* 30 F.3d 251, 254 (1st Cir.1994); *Méndez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 7 (1st Cir.1990). "Whether or not opposed, summary judgment can only be granted 'if the pleadings, depositions, answers, interrogatories, and admissions together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Méndez v. Banco Popular de Puerto Rico,* 900 F.2d at 7 (citation omitted). *See* also, *Vélez–Gómez v. SMA Life Assur. Co.,* 8 F.3d 873, 875 (1st Cir.1993).

■ The legal effect of failing to file a timely response to a motion for summary judgment is that "all material facts set forth by the movant ... will be deemed admitted" pursuant to U.S.D.C. Local Rule 311(12) and the motion will be decided on the basis of movant's submissions. *F.C. Imports, Inc. v. First National Bank of Boston, N.A.,* 816 F.Supp. 78, 86–87

(D.P.R.1993) (citations omitted). Nonetheless, before the court can find that there are no genuine material factual issues, it must be satisfied that no reasonable trier of fact could have been found for the non-moving party. *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 692 (M.D.Fla.1994). *See* also, 10B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2739, p. 394–95. If the court concludes so, the court will then examine the written submissions in support of the motion and grant it if it concludes that the moving party is entitled to judgment as a matter of law. *Resolution Trust Corporation v. Gold,* et al., 30 F.3d 251, 254 (1st Cir.1994); *Winters v. Federal Deposit Insurance Corp.,* 812 F.Supp. 1, 2 (D.Maine 1992).

### B. Plaintiffs' Motion for Reconsideration

■ On December 29, 1997, the Court entered judgment in this case against Plaintiffs in accordance with its order of December 3rd, 1997, granting the Trustee's motion for summary judgment. Plaintiffs had not filed a timely response to the Trustee's motion. Thus, the Court deemed Plaintiffs to have consented to the Trustee's statement of material facts. Based on the undisputed facts set forth in the record, the Court determined that there remained no genuine issues of material fact and that the Trustee was entitled to judgment as a matter of law. Plaintiffs now pray for reconsideration of said judgment. Docket no. 17.

"A 'motion to reconsider' is not among the motions recognized by the Federal Rules of Civil Procedure." *Van Skiver v.*

---

**4.** Rule 9013 of the Federal Rules of Bankruptcy Procedure provides:

A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

*United States,* 952 F.2d 1241, 1243 (10th Cir.1991). The federal courts have consistently stated that a motion so denominated which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). *Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial),* 152 B.R. 786, 788 (Bkrtcy.D.Mass.1993). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." *Van Skiver, supra,* 952 F.2d at 1243 (10th Cir.1991) (citations omitted).

In the instant case, Plaintiffs' motion to reconsider was served five days after the Court's judgment, excluding Saturdays, Sundays, and legal holidays pursuant to Fed.R.Civ.P. 6(a).[5] Therefore, the motion may be construed as one pursuant to Fed. R.Civ.P. 59(e).

### 1. Fed.R.Civ.P. 59(e)

Fed.R.Civ.P. 59(e), made applicable to bankruptcy procedure by Fed. R.Bankr.P. 9023, authorizes the filing of a written motion to alter or amend a judgment after its entry.[6] The motion must demonstrate the "reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature" to induce the court to reverse its earlier decision. *Dale & Selby Superette & Deli v. U.S. Department of Agriculture,* 838 F.Supp. 1346, 1347 (D.Minn.1993) (citation omitted). *See* also, 12 James Wm. Moore, Moore's Federal Practice § 59.30[3], p. 59–100.1 to 101 (3rd ed.1998). The movant "must either clearly establish a manifest error of law or must or must present newly discovered evidence." *Cherena v. Coors Brewing Co.,* 20 F.Supp.2d 282, 287 (D.P.R.1998) (citing *Federal Deposit Insurance Corp. v. World University, et al.,* 978 F.2d 10, 16 (1st Cir.1992)). *See* also, *Pagán de Jesús, et al. v. Toledo Dávila,* 184 F.R.D. 24, 25–26 (D.P.R.1999); *Corretjer Farinacci v. Picayo,* 149 F.R.D. 435, 437 (D.P.R.1993).[7] The party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court. *Aybar, et al. v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir.1997) (citations omitted); *Williams v. Poulos,* 11 F.3d 271, 289 (1st Cir.1993); *F.D.I.C. v. World University,* 978 F.2d at 16; *Pagán de Jesús, et al. v. Toledo Dávila,* 184 F.R.D. at 25–26. Generally, when a party is made aware that a

---

**5.** The Bankruptcy Court judgment was filed on December 29, 1997. Under Fed.R.Civ.P. 6(a), the ten-day time period for Plaintiffs to serve a Fed.R.Civ.P. 59(e) motion expired on January 12, 1998. Plaintiffs filed their motion for reconsideration on January 7, 1998. Because the time is less than eleven days, Plaintiffs' motion will be construed as a Fed. R.Civ.P. 59(e) motion.

**6.** Fed.R.Civ.P. 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

**7.** Besides the circumstances mentioned above, Moore points out citing cases from other jurisdictions, that a court "may grant a motion to alter or amend a judgment ... [t]o take account of an intervening change in controlling law ... [t]o correct clear legal error ... [t]o prevent manifest injustice." He notes, however, that "[t]he Fifth Circuit holds that the purpose of a Rule 59(e) motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. The court does not appear to recognize an intervening change in the law as the basis for a Rule 59(e) motion." 12 James Wm. Moore, Moore's Federal Practice § 59.30[5][a], p. 59–102 to 59–103 (3rd ed.1998). Similarly, the District Court of Puerto Rico has adopted the "traditional standard" that Rule 59(e) motions "are granted only if there has been a mistake of law or fact or new material evidence has been discovered that was unavailable previously." *Corretjer v. Picayo,* 149 F.R.D. at 437. Thus, we will limit our discussion to these two factors.

particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce that evidence to support a Rule 59(e) motion. *In re Prince,* 85 F.3d 314 (7th Cir.1996). Neither can the party use this motion to raise novel legal theories that it had the ability to address in first instance. *Russell v. Delco Remy,* 51 F.3d 746 (7th Cir.1995).

 The federal courts have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources. *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689 (D.C.Fla.1994); *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority,* 814 F.Supp. 1072 (M.D.Fla.1993); *Pennsylvania Ins. Guar. Ass'n. v. Trabosh,* 812 F.Supp. 522 (D.C.Pa.1992). See also, Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1, p. 124. In practice, Fed.R.Civ.P. 59(e) motions are typically denied because of the narrow purposes for which they are intended. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1, p. 128.

Recently, the U.S. District Court for the District of Puerto Rico considered two cases in which the threshold issue was whether a prior judgment should be vacated pursuant to Fed.R.Civ.P. 59(e). Due to the similarity between those cases and the case at bar, the cases are discussed in some detail.

In *Pagán de Jesús, et al. v. Toledo Dávila,* 184 F.R.D. 24 (D.P.R.1999) (Dominguez, J.), the District Court entered an order granting co-defendants' unopposed summary judgment motion requesting dismissal. Judgment was entered accordingly. Subsequently, the plaintiff filed a motion for reconsideration, but the Court denied it. In the first place, the Court held that plaintiffs had not proffered any

facts to controvert defendant's assertions. *Id.,* at 25–26.

> Plaintiff took the risk 'to sit idly by and allow the summary judgment proponent to configure the record ... [which] is likely to prove fraught with consequences. This case is no exception.' *Plaintiff simply did not establish any material facts to controvert defendant's proffer,* 'the non movant must produce specific facts in suitable evidentiary form sufficient to limn a trial worthy issue ... *Failure to do so allows the summary judgment engine to operate at full throttle.*

*Id.,* at 25 (citations omitted) (emphasis ours). Secondly, the Court held that "[t]he new proffer produced by Plaintiff in its reply memorandum and the motion of reconsideration clearly fall in the category on 'new legal theory' and facts which were 'available....'" *Id.,* at 25–26. Hence, the Court denied Plaintiff's belated new legal arguments and Plaintiff's proffered new facts. *Id.*

In *Corretjer v. Picayo,* 149 F.R.D. 435 (D.P.R.1993) (Laffitte, J.), the Court denied plaintiff's Rule 59(e) motion to set aside the Court's judgment on the ground that plaintiff sought to offer materials after entry of summary judgment when there was not even a claim that the evidence was previously unavailable. The plaintiff argues that the case should be reopened "because the Court did not have the opportunity to consider his opposition to the motion for summary judgment." *Id.,* at 436. The Court had denied plaintiff's motion for an extension of time as untimely because it was filed four weeks after the deadline expired, and proceeded to rule on defendant's motion for summary judgment. After examining plaintiff's motion, the Court concluded that plaintiff did not present a cogent theory as to why judgment had to be vacated pursuant to Fed.R.Civ.P. 59(e). *Id.,* at 437.

First, the Court held that plaintiff could not claim that the evidence was previously

unavailable.[8] *Id.*, at 437–38. Secondly, the Court discarded plaintiff's argument "that vacating the grant of summary judgment under Rule 59(e) was appropriate because the Court entered its summary judgment order without the proper and necessary evidentiary material, leading it to make erroneous factual findings and legal conclusions." *Id.*, at 438. The Court explained that although a "Court risks accepting a skewed version of the factual circumstances giving rise to the controversy," when it "rules on a motion without the benefit of the non-movants response," the risk "is minimized by certain procedural standards." *Id.* For example, the Court held that

> even though a party failing to oppose a motion for summary judgment waives the right to controvert any facts asserted by the moving party, this does not mean that the moving party is automatically entitled to summary judgment ... [T]he court has a duty to view the record with a critical eye and determine whether the moving party has met its burden of demonstrating undisputed facts entitling it to judgment as a matter of law. When the court properly discharges this duty, it reduces the risk that its legal conclusions will rest on unsound factual foundations. *The mere fact, then, that the court proceeds to enter summary judgment without certain evidentiary material is not, by itself, a reason for vacating the judgment under Rule 59(e).* This is especially true where, as here, there is no claim that the evidence was previously unavailable.

*Id.* (Emphasis ours).

Finally, the Court held that the judgment should not be vacated pursuant to Rule 59(e) because the plaintiff did not comply with U.S.D.C. Local Rule 311(5) which states that a party has ten days to file a response to a motion or with Fed. R.Civ.P. 6(b) which states that a request for an enlargement of time must be filed before the expiration of the time period originally prescribed. Citing numerous decisions, the Court explained that the First Circuit has reiterated the importance of complying with established procedural rules and deadlines set forth by the court.

> [L]itigants in federal court cannot 'have their cake and eat it too.' *Flagrant disregard of the procedural requirements established by the federal rules, by local rules of this district, or by a judge's scheduling order carries with it certain consequences.* If litigants and their attorneys are to be relieved of these consequences they must present cogent, valid explanations of their failure to comply with established rules. Here, neither plaintiff nor his counsel have offered a single reason for their delay in opposing defendant's motion for summary judgment.

*Id.*, at 439 (emphasis ours).

The Court held that "to vacate the judgment entered in favor of defendant would reward plaintiff's 'somnolence and lassitude,' and set a precedent which undermines the stability which procedural rules give to the adversarial process." *Id.* (citation omitted).

The general doctrine set forth in these cases was reiterated in *Rivera Surillo v. Falconer Glass Industries, Inc.*, 37 F.3d 25, 29 (1st Cir.1994) in which the Court of Appeals held that the arguments presented "neither 'clearly establish a manifest error of law' nor present 'newly discovered evidence.' "

In the case at bar, Plaintiffs do not present a "cogent theory" as to why

8. As in the case at bar, "plaintiff ... merely cited Rule 59 together with the proposition that it ... [was] applicable" to the case. Thus, "[t]he Court ... [was] left to divine the bases for plaintiff's motion under this rule." The court held that "[p]erhaps plaintiff would have the Court characterize the materials he intends to offer in opposition to the motion for summary judgment as 'newly discovered material evidence.' " However, plaintiff could claim that the evidence was previously unavailable. *Id.*, at 437–38.

the Court's judgment should be vacated pursuant to Rule 59(e). Plaintiffs simply argue that they were unable to file their opposition within the prescribed time because they needed to gather "abundant evidenciary [sic] proof in order to contest the allegations contained in trustee's brief." The evidence "consisted of state courts records, official reports from administrative agencies, blue prints, survey reports, sworn statements by witnesses, etc." *See*, Plaintiffs' Motion in Request of Reconsideration of Judgment, Docket no. 17, at 2. Although not clearly stated, the Court concludes that Plaintiffs probably want the Court to characterize the materials they intend to offer in opposition to the motion for summary judgment as "newly discovered material evidence."[9] In order to prevail on these grounds, "the evidence must have become available *only* after judgment (*with the exercise of due diligence* ), and be both *admissible* and *probative.*" 12 James Wm. Moore, Moore's Federal Practice § 59.30[5][a][iii], p. 59–104 to 59–105 (3rd ed.1998) (emphasis ours). In *Dale and Selby Superette & Deli v. U.S. Department of Agriculture*, 838 F.Supp. 1346 (D.Minn. 1993), the District Court explained that the newly discovered evidence "must ... be of the sort that could not have been discovered with *reasonable diligence* prior to the court's initial judgment." *Id.,* at 1348 (emphasis ours).

In the instant case, the evidence submitted by the Plaintiffs cannot be categorized, however, as "newly discovered material evidence" because it was available prior to the Court's judgment. The documents submitted as Exhibits 1, 2 and 10 were part of the Court's record because the Trustee included them as Exhibits B, J and F of his motion for summary judgment. Docket no. 13. The Plaintiffs submitted various plans as Exhibits 3(A), (B), (C), and (D), but according to a letter attached as Exhibit 3 these documents were in Plaintiffs' possession since at least October 31, 1998.[10] Moreover, these documents are not admissible because they were not authenticated pursuant to Fed. R.Civ.P. 56.[11] Exhibit 5 includes a sworn statement by a surveyor which was subscribed on August 7, 1997. This document is admissible but was in Plaintiffs' possession prior to the date when Trustee filed the motion for summary judgment, September 5, 1997. Plaintiffs submitted a curriculum vitae of another surveyor as Exhibit 6. In their reply brief, Plaintiffs argue that this surveyor will certify that "the property line that bounds their land with debtor's land have remained unmoved for more tha [sic] forty years, which precludes the possibility that plaintiffs have tresspassed [sic] debtor's land beyond their boundaries to encroach on any piece of his land." Plaintiffs' Reply to Request for Summary Judgment, Docket no. 14, at 3. Plaintiffs failed to include a sworn statement from the surveyor in support of their asseveration. Exhibit 7 includes a copy of the state court's opinion in a possessory injunction Plaintiffs filed against the Debtor. The opinion is dated September 8, 1997. The Court sustains that Plaintiffs must have had a copy of that opinion or could have obtained it with *"reasonable diligence"* prior to the Court's order granting the Trustee's motion for sum-

9. *See, supra,* note 5.

10. The Court hereby admonishes Plaintiffs' counsel, directing him to U.S.D.C. Local Rule which states that "[a]ll documents not in the English language which are presented to or filed in this Court, whether as evidence or otherwise, shall be accompanied at the time of presentation or filing by an English translation thereof, unless the Court shall otherwise order...."

11. *See,* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2722, p. 382–84 ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." The Court acknowledges, nonetheless, that "uncertified or otherwise inadmissible documents may be considered by the court if not challeged.")

mary judgment.[12] As Exhibit 8, Plaintiffs submitted copies of the blue prints of the segregation of one of the Plaintiffs' property. Again, the Court holds that said plaintiff must have had said documents in his possession or could have obtain it with *"reasonable diligence"*. Exhibit 9 includes copies of various receipts of material purchased during a construction in which one of the Plaintiffs hired the Debtor. It also includes checks made by said Plaintiff to the Debtor. Again, the Court concludes that these documents must have been in Plaintiff's possession or he could have obtain them with *"reasonable diligence"*. Finally, Exhibits 11 and 12 include copies of the blue prints of the segregation of another of the Plaintiffs' property. Again, the Court holds that said Plaintiff must have had the referred documents in his possession or could have obtained with *"reasonable diligence"*.

Since the majority of the documents filed by the Plaintiffs in support of their reply to the Trustee's motion for summary judgment were in Plaintiffs' possession or could have been obtained with *reasonable diligence* prior to the court's order granting the Trustee's motion and the fact that the majority of those documents were not authenticated and are not admissible into evidence, the Court concludes that the proffered evidence does not constitute "newly discovered material evidence" pursuant to Fed.R.Civ.P. 59(e). The only document that was unavailable until December 9, 1997 was a sworn statement which

was included as Exhibit 4. In their motion, Plaintiffs did not explain why this sworn statement was not available prior to that date or what steps were taken to obtain it. Thus, the Court cannot determine whether the referred sworn statement could have been obtained with "reasonable diligence" or if it constituted "newly discovered material evidence." The fact is, nonetheless, that this document delayed Plaintiffs' reply to the Trustee's motion for summary judgment by a period of eighty-seven days.[13]

Assuming *arguendo* that the referred sworn statement constitutes "newly discovered material evidence," the Court will examine it in order to determine whether to grant the motion to alter or amend the judgment entered. The affiant states that he rented the property in question for five years; that the lease contract expired on June 30, 1986, after the Debtor acquired the property on December 27, 1985; that when the affiant leased the property, the previous owner took him to survey the boundaries of the property, especially those that adjoined Plaintiffs' property; that the marks which delineated the property limits seemed to have been there for a long time. Plaintiffs submitted the sworn statement to demonstrate that "the property line that bounds their land with debtor's land have remained unmoved for more tha [sic] forty years, which precludes the possibility that plaintiffs have tresspassed [sic] debtor's land beyond their boundaries to encroach on any piece of his land." Plaintiffs' Reply to Request for Summary

---

12. *See, supra,* note 10.

13. If the rest of the documents submitted by the Plaintiffs in support of their reply to the Trustee's motion for summary judgment were in their possession or could have been obtained with *reasonable diligence* within the eleven-day period provided by U.S.D.C. Local Rules 311(5) and (12) or within a reasonable extension of time, the Court questions why the Plaintiffs did not use the mechanism provided by U.S.D.C. Local Rules 311(6) and (12) which allows the Clerk of the Court to enter an *ex parte* order specifying the time within which a respondent should file additional affidavits or documents which he could not ob-

tain during the prescribed period. Neither did the Plaintiffs used Fed.R.Bankr.P. 7056(f) which provides that if a party needs additional time to submit affidavits or other evidentiary materials in opposition to a motion for summary judgment, he must submit an affidavit explaining the reasons why he is unable to do so. The Court could have ordered a continuance of the motion to permit the discovery to be taken or deny the motion without prejudice to renewal after completion of discovery. If the Plaintiffs had used these procedural mechanisms, the controversy before the Court would have been avoided and the process would not have been delayed.

Judgment, Docket no. 14, at 3.[14] The affiant's testimony does not support Plaintiffs' assertion, however. The affiant simply states that the boundaries of the property remained unchanged during the five years which he rented the property, that is, approximately from 1980 to 1985. Furthermore, he claims that the marks demarcating Debtor's property seem to have been there for a long time. Based on these facts, the Court cannot reach the conclusion that Plaintiffs have possessed the property in question for more than forty years.

The affiant's testimony is not sufficient to establish that the Plaintiffs have acquired ownership of the property in question by extraordinary prescription either.[15] The affiant's vague, inaccurate and general testimony does not satisfy the requirements of Article 1859 of the Civil Code, P.R. Laws Ann. tit. 31, § 5280, which states that in order to acquire property through extraordinary prescription, the claimant must have had "uninterrupted possession of the ... [property] for thirty (30) years without the necessity of title nor good faith and without the distinction between present and absent persons...." Nor does it satisfy the requirements established by the case law either.[16] It simply states that since at least 1980 the Plaintiffs were in public possession of the property.[17]

---

14. In their brief, Plaintiffs assert that they "will submit [sic] evidence consisting on the testimony of ... [the affiant] (see exhibit 4) and or two local surveyors that will show that the property line that bounds their land with debtor's land have remained unmoved for forty years...." *See,* Plaintiffs' Reply to Request for Summary Judgment, Docket no. 14, at 3. In considering a motion for summary judgment, a court will consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits...." Fed.R.Civ.P. 56(c). Thus, the Plaintiffs' suggestions that he will present evidence sufficient to defeat the Trustee's motion for summary judgment "is unavailing as a substitute for the showing required by Rule 56(c). For summary judgment may not be defeated on the 'gossamer threads of whimsey, speculation and conjecture' and ... [Plaintiffs were] required to do more than suggest that 'something might turn up at trial.' To avoid summary judgment a party 'must do more than whet the curiosity of the court; he must support vague accusation and surmise with concrete particulars.'" *Frito–Lay of Puerto Rico, Inc. v. Martinez Canas,* 92 F.R.D. 384, 392 (D.P.R.1981).

15. It is important to note that the term for acquiring ownership of a property through extraordinary prescription, that is without title or good faith, is thirty years and not forty as Plaintiffs suggest in their reply brief. *See,* Article 1859 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5280.

16. In *Dávila v. Córdova,* 77 D.P.R. 136 (1954), the Supreme Court of Puerto Rico held that the following factors must be proved for extraordinary prescription to exist: (1) continuous possession of the property for thirty years; (2) tolerance of the owner; (3) the person claiming prescription has taken possession without authorization, permit, or license granted by the owner, or by virtue of an agreement made with the owner; (4) that the possessor has held the possession in the public belief of ownership, according to the common belief and not by virtue of the possessor's own belief; (5) the possession must also be public and peaceful; (6) that the possession has not been subject to natural interruption, namely, by abandonment of the thing by the possessor for more than one year, or to civil interruption, by virtue of a judicial or notarial order, or by express or implied acknowledgment of the owner's right made by the possessor before the expiration of thirty years required for prescription; and (7) that the possessor has not expressly or impliedly waived his title by prescription for any cause legally resulting in such waiver, after extraordinary prescription has taken place.

17. Compare with *Gómez v. Marques,* 81 D.P.R. 721 (1960) (Where the complaint alleged that a codefendant had been in possession and enjoyment of the property in controversy for more than thirty years and established by affidavits attached to the motion for summary judgment the irrefutable fact that said possession had been uninterrupted, peaceful, public, and as owner, the Court concluded that there did not exist a genuine controversy as to the acquisition of the title of ownership by said codefendant, by extraordinary prescription, on the property in question and consequently summary judgment lied in favor of the codefendant); *Martínez v. Municipality,* 64 P.R.R. 153 (1944) (The Court concluded that the municipality had acquired the ownership of the property by extraordinary prescription since

This does not defeat the Trustee's argument that Plaintiffs have not acquired ownership of the property through adverse possession. *See,* Trustee's Memorandum of Law in Support of Motion for Summary Judgment, Docket no. 13, at 14–15.

In conclusion, like in the cases of *Pagán de Jesús, et al. v. Toledo Dávila* and *Corretjer v. Picayo,* the evidence submitted by Plaintiffs was neither new nor unavailable at the time the Bankruptcy Court granted the Trustee's motion for summary judgment on December 3rd, 1997. The majority of the documents were in Plaintiffs' possession or could have been obtained with *reasonable diligence* prior to the Court's order granting the Trustee's motion. The only new evidence is the affidavit attached as Exhibit 4. Although the sworn statement was not subscribed until December 9, 1997, Plaintiffs offer no explanation why said statement was not available previously. Moreover, Plaintiffs did not used the procedural mechanisms provided by U.S.D.C. Local Rules 311(6) and (12) or Fed.R.Bankr.P. 7056(f) which allows a party who needs additional time to submit affidavits or other evidentiary materials in opposition to a motion for summary judgment to request it to the Court.[18] Finally, this Court does not believe that the Plaintiffs could not have discovered the evidence they now seek to introduce had they used due diligence to do so before the court entered judgment. Even if this Court were to consider the affidavit in determining the motion for summary judgment, it would not affect the outcome.

Another factor that the Court must consider in determining whether a Fed. R.Civ.P. 59(e) motion to alter or amend a judgment may be granted is whether the court committed "a manifest error of law." *F.D.I.C. v. World University,* 978 F.2d 10, 16 (1st Cir.1992). *See also, Corretjer Fari-*

*nacci v. Picayo,* 149 F.R.D. 435, 437–39 (D.P.R.1993). According to Moore, "this error may be a mistake in either law or fact." 12 James Wm. Moore, *Moore's Federal Practice* § 59.30[5][a][iv], p. 59–105 (3rd ed.1998). In the case at bar, Plaintiffs argue that "Trustee's statement of material and uncontested facts is essentially correct except that it omitts [sic] some other facts and material that are essential for Court to be taken into account and which constitute a genuine controversy." *See,* Plaintiffs' Reply to Request for Summary Judgment, Docket no. 14, at 1. For example, Plaintiffs sustain that they "will present evidence to demonstrate that ... deed # 52 was executed by error as they were not aware that the survey prepared ... omitted to include" the property in question.[19] Thus, the survey report "was faulty and incorrect" and all "[t]he following deeds subscribed by plaintiffs were based on mistaken facts originated by the faulty survey...." *Id.* Secondly, Plaintiffs contend that before the execution of the deed by which Debtor purchased the property, "the agreement took into account a survey report ... prepared by [a] surveyor ... which certified that the land to be sold showed an area surface of 91.6 cuerdas, way over 19 cuerdas in excess of the land recorded on the Property Registry." *Id.,* at 2–3. Third, Plaintiffs sustain that "[i]n due time ... [they] will demonstrate with reliable and uncontested evidence that" one of the Plaintiffs segregated his land and hired the Debtor to work in the process. Nonetheless, the Debtor did not "object[ ] to the segregation of the lots as he now wrongly claims that the surplus land belongs to him." *Id.,* at 3. Fourth, another of the Plaintiffs segregated his property and the Debtor "never presented a valid objection or opposition." *Id.* Fifth, Plaintiffs alleged that one of the surveyors hired by the Debtor inspected the proper-

---

the evidence established that the municipality had possessed, as owner, the lot in controversy publicly, peacefully, and uninterruptedly for over sixty-eight years).

**18.** *See, infra,* note 13.

**19.** *See, infra,* note 14.

ty "neglecting to advise and notify the neighboring landowners and relying only on uncorroborated information suplied [sic] by" the Debtor. *Id.,* at 5. Finally, Plaintiffs sustain that they "will also prove that not whitstanding [sic] . . . [Debtor's] claim they have usucapioned [sic] their legal proverty [sic] rigths [sic] to their land." *Id.* Based on these facts, Plaintiffs claim that "there is a valid controversy to be decided by court and the burden of proof will shown [sic] that our side vail prevail." *Id.*

"Although . . . [Plaintiffs] incorporates certain clarified and supplemental facts within its motion . . . [t]here are no new material facts alleged nor any obvious error of law." *Bull HN Information Systems Inc. v. Hutson,* 184 F.R.D. 19, 21–22 (D.Mass.1999). The Court holds that there is no error of law that needs to be corrected.

In conclusion, as in the cases of *Pagán de Jesús, et al. v. Toledo Dávila* and *Corretjer v. Picayo,* the evidence submitted by Plaintiffs was neither new nor unavailable at the time the Bankruptcy Court granted the Trustee's motion for summary judgment on December 3rd, 1997. Nor did the Plaintiffs present any new legal arguments, or any issues of fact, which justify vacation of the Court's order and subsequent judgment. On the other hand, the Trustee had demonstrated that there are no genuine issues of material fact with respect to the Debtor's right to the property in question. There can be no question that it was incumbent upon the Plaintiffs to refute the Trustee's showing by sufficient and substantial specific factual evidence supporting the existence of a factual dispute. Furthermore, there can be no question that, in considering the factual record made by the Plaintiffs in opposition to the Trustee's motion for summary judgment, the Court could consider only facts properly put into evidence by the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Fed.R.Civ.P. 56(c), (e). Accordingly, the Court must ignore any "facts" now raised

in the Motion for Reconsideration which includes no affidavit, but consists only of counsel's arguments.

The Trustee proffered competent evidence that the Plaintiffs do not have a right to increase the surface area of their three properties, with the consequent result of diminishing the area of Debtor's property. Moreover, an examination of all the Plaintiffs' submissions has not disclosed a trialworthy issue of material fact relating either to their arguments that they have always owned the property they claim or that they have acquired title to the property through adverse possession. Thus, there is no basis for vacating summary judgment in these circumstances.

Some courts have considered a further factor, that is, to prevent manifest injustice. The First Circuit has not incorporated this factor. However, since Plaintiffs argue that the Court's order denying Plaintiffs' reply brief as moot constitutes a "miscarriage of justice" and that the Court's judgment "would constitute a grievous harm to plaintiffs." *See,* Plaintiff's Motion Requesting that the Reply to Request for Summary Judgment and Motion for Reconsideration be Considered as a Motion under Rules 59 and/or 60 of the Federal Rules of Civil Procedure, Docket no. 18, at 2; and Plaintiffs' Motion in Request of Reconsideration of Judgment, Docket no. 17, at 3.

In *Martin v. A.O. Smith Corp.,* 931 F.Supp. 543 (W.D.Mich.1996), the Court examined this last factor. In that case, the plaintiff did not present newly discovered evidence or a recent change in controlling law. Thus, he had to rely on this last factor. The court concluded, however, that "plaintiff's suggestion that a manifest injustice will result unless the Court now addresses arguments which they neglected to timely raise *is not compelling.* First of all, a motion to alter or amend judgment is not appropriately used to advance arguments or theories that could and should have been raised prior to the Court's ruling. Secondly, the Court remains unper-

suaded that consideration of the merits of plaintiffs' new arguments would change the result." *Id.*, 550–51.

In the case at bar, Plaintiffs have not adduced and identified evidence sufficient to create a genuine fact issue in support of their assertions that they have always owned the property in question or that they have acquired title to the property through adverse possession. Thus, the Court concludes that its judgment does not contain an clear error of law and does not result in manifest injustice.

### 2. Fed.R.Civ.P. 59

■■■ Plaintiffs also filed a motion requesting the Court to consider their reply to the Trustee's motion for summary judgment (Docket no. 14) and their motion for reconsideration (Docket no. 17) as motions under Fed.R.Civ.P. 59. Plaintiffs "merely cited Rule 59 together with the proposition that it is applicable in this context. The Court is left to divine the bases for ... [Plaintiffs'] motion under this rule." *Corretjer Farinacci v. Picayo*, 149 F.R.D. at 437–38. The Court has already examined Plaintiffs' request to vacate the judgment entered pursuant to Fed.R.Civ.P. 59(e) and denied it. Thus, the Court will now examine Plaintiffs' request in light of section (a) of the Rule which authorizes a Court to grant a new trial in non-jury cases "... for any of the reasons for which new trials have heretofore been granted in suits of equity in the courts of the United States." [20]

■■■ To allow the granting of a new trial, the moving party must demonstrate "a manifest error of law or mistake of fact...." 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2804, p. 53. Fed.R.Civ.P. 61 states that an error does

not constitute "ground for granting a new trial ... unless refusal to take such action appears to the court inconsistent with substantial justice." This rigorous restrictions "reflect the important policies of conserving ever-dwindling judicial resources and promoting judicial efficiency." *Burzynski v. Travers*, 111 F.R.D. 15, 17 n. 4 (E.D.N.Y.1986). That is the reason why "a judgment should not be set aside except for substantial reasons." 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2804, p. 53.

In the case at bar, the motion for new trial did not allege a manifest error of law on the face of the judgment. Plaintiffs argue that a new trial is required because the Court failed to consider competent evidence when it denied their reply brief as moot. Thus, although not clearly. stated, Plaintiffs move for a new trial on the grounds of "newly discovered evidence." According to Plaintiffs, they were not able to complete their opposition to the Trustee's motion for summary judgment until December 9, 1997, after the Court had granted the Trustee's motion for summary judgment, because they needed to gather "abundant evidenciary [sic] proof in order to contest the allegations contained in trustee's brief". This newly gathered evidence warrants reopening the case in order to avoid a miscarriage of justice.

■■■ "To warrant a new trial on the grounds of newly discovered evidence under Rule 59(a), the evidence must not only have been unknown to the movant at the time of trial but also the movant must have been excusably ignorant of the facts so that they could not have been discoverable by diligent search." *In the Matter of the Arbitration Between Ionian Shipping*

---

20. Fed.R.Civ.P. 59(a) provides in relevant part that "[a] new trial may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a

motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

*Company and Tyson Shipping Co., Inc.,* 49 F.R.D. 334, 337 (S.D.N.Y.1969). The "new evidence" relied upon by the Plaintiffs consist of evidence in their possession or that could have been obtained with *reasonable diligence* prior to the court's order granting the Trustee's motion. "Here, [Plaintiffs] had a full opportunity to proffer the evidence, failed to do so and ha[ve] offered no excuse for such failure." *Union Bank of Switzerland v. HS Equities, Inc.,* 458 F.Supp. 1166, 1167 (S.D.N.Y.1978). Plaintiffs seek to correct their own errors through this motion. They failed to establish the requirements for a grant of a new trial. Accordingly, Plaintiffs' motion is hereby denied.

### 3. Fed.R.Civ.P. 60

 Plaintiffs also move to vacate the Court's order of December 3rd, 1997 and the Court's judgment of December 29th, 1997 pursuant to Fed.R.Civ.P., applicable through Fed.R.Bankr.P. 9024 and with certain exceptions not relevant here, to cases under the Bankruptcy Code. *Wayne Manor, Inc. v. Commonwealth of Massachusetts (In re Wayne Manor, Inc.),* 117 B.R. 12, 14 (D.Mass.1990). *See,* Plaintiff's Motion Requesting that the Reply to Request for Summary Judgment and Motion for Reconsideration be Considered as a Motion Under Rules 59 and/or 60 of the Federal Rules of Civil Procedure, Docket no. 18, at 3. Plaintiffs merely cited Fed. R.Civ.P. 60 together with the proposition that it applicable to the case at bar. Plaintiffs do not specify the section of the Rule upon which their motion rests. As in *Corretjer v. Picayo,* 149 F.R.D. at 437–38, "[t]he Court ... [is] left to divine the bases for plaintiff's motion under this

rule." [21] However, section (a) of the Rule is clearly inapplicable because it refers to clerical mistakes. Subsections 2 through 5 of Rule 60(b) are by their terms inapplicable.[22] A motion under subsection 6 is only appropriate when none of the first five sections are applicable. *Corretjer Farinacci v. Picayo,* 149 F.R.D. at 436; *González v. Walgreens Company,* 918 F.2d 303, 305 (1st Cir.1990). In the case at bar, subsection 1 of Rule 60(b) appears to encompass Plaintiffs' theory, ruling out the applicability of subsection 6. Though it is not clearly spelled out, the core of Plaintiffs' argument seems to be that they failed to file a timely opposition to the Trustee's motion for summary judgment due to either "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Plaintiffs argue that their failure to respond to the Trustee's motion for summary judgment was due to the confusion created by the Court's failure to issue an order regarding their request for an extension of time. According to Plaintiffs' counsel, he "honestly believed that the forty-five (45) days extension of time requested on September 12, 1997 was to commence from the date that the remedy requested in said motion was granted." *See,* Plaintiffs' Motion Requesting that the Reply to Request for Summary Judgment and Motion for Reconsideration be Considered as a Motion Under Rules 59 and/or 60 of the Federal Rules of Civil Procedure, Docket no. 18, at 2.

As in *In re Mayhew,* 223 B.R. 849 (D.R.I.1998), in the present case "there clearly exist no exceptional circumstances justifying extraordinary relief. In the context of Rule 60(b)(1), the 'exceptional circumstances' to which the First Circuit re-

---

**21.** *See, infra,* note 8.

**22.** Fed.R.Civ.P. 60(b) provides in pertinent part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application...."

fers are enumerated in the rule itself: 'mistake, inadvertence, surprise, or excusable neglect.'" *Id.*, at 855 (citation omitted). Plaintiffs offer only the assertion that their lack of notice from the Bankruptcy Court as to the entry of an order granting or denying their request for an extension of time constitutes excusable neglect for filing their reply eighty-seven days late. "The First Circuit has cited the definition of 'excusable neglect' as a 'failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty is was to perform.'" *Id.* (quoting *Eck v. Dodge Chemical Co. (In re Power Recovery Systems, Inc.),* 950 F.2d 798, 801 no. 8 (1st Cir.1991)). Even assuming, *arguendo,* that said motion was filed and that the Court failed to resolve it and notify the Plaintiffs, "[t]he First Circuit has indicated that mere lack of notice does not constitute excusable neglect." Id. (citing *Citibank, N.A. v. Roanca Realty, Inc. (In re Roanca Realty, Inc.),* 747 F.2d 816, 817 (1st Cir. 1984)). In *In re Mayhew, supra,* a case which presents similar factual circumstances to the case at bar, the Bankruptcy Court explained:

> Quite simply, "the 'I didn't receive notice' defense doesn't work in federal court." ... Rather, *it is the duty of an attorney to monitor the docket and to keep him or herself apprised of developments in a case ....* An attorney may not simply sit back and rely on the court to keep him or her up to date; allowing attorneys to do so would not only invite abuses, but would remove the burden of vigilance from the advocates hired to pursue the client's interests .... Indeed, this principle is spelled out with extraordinary clarity in the Bankruptcy Rules themselves; Rule

9022(a) reads, in relevant part, "Lack of notice of the entry [of a judgment or order] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." It could not be clearer, then, that *the mere failure to receive notice does not and cannot constitute excusable neglect.* Landers does not offer any explanation whatsoever for her counsel's failure to monitor the docket in this case; indeed, this inaction seems to be ignored in hopes that it will be forgotten.

223 B.R. at 856 (citations omitted) (emphasis ours). As in *In re Mayhew, supra,* Plaintiffs do not offer an explanation as to why their counsel failed to monitor the docket. Furthermore, assuming, *arguendo,* that Plaintiffs' counsel did in fact filed a motion requesting an extension of time of forty five days, Plaintiffs fail to explain why they waited an extra forty-six days to file the motion for summary judgment.[23]

As such, they have provided no basis upon which their neglect might be excused. Accordingly, the Court denies Plaintiffs' motion to set aside the judgment under Fed. R.Civ. 60(b).

### 4. Fed.R.Bankr.P. 8002

█ Finally, Plaintiffs request the Court to grant them an extension of time to appeal pursuant to Fed.R.Bankr.P. 8002(c). For the reasons explained herein, Plaintiffs' request is denied.

Pursuant to Fed.R.Bankr.P. 8002(b), the appeals period begins to run from the disposition of a timely motion filed under Rules 9023 or 9024. Thus, the time for filing the notice of appeal has not begun to

---

23. Plaintiffs' counsel's argument that he honestly believed that the additional time requested would not begin to run until the Court granted the motion and notify it is unappealing. U.S.D.C. Local Rule 311(14)(B), as adopted by Rule 7001 of the Local Bankruptcy Rules, expressly state that *"[a]ll motions for extension of time shall state the expiration*

*date of the period sought to be extended and the expiration date of the proposed extension."* Thus, in requesting the extension of time to file his reply to the motion for summary judgment, the Plaintiffs had to specify the period of time requested, forty-five days, and when would it expire, October 27, 1997.

run. Plaintiffs will have ten days upon entry of this order to file the notice of appeal pursuant to Fed.R.Bankr.P. 8002(a). Accordingly, the Plaintiffs' request to extend the time for filing the notice of appeal is denied.

**WHEREFORE**, Plaintiffs' Motion requesting reconsideration of judgment, Docket no. 17, and Motion requesting the Court to consider their reply to the Trustee's motion for summary judgment and their motion for reconsideration of Judgment as motions under Rules 59 and/or 60 of the Federal Rules of Civil Procedure and in the alternative, as a motion requesting an extension of time to appeal, Docket no. 18, are hereby denied.

SO ORDERED.